**Jane A. ADAMS, Individually and as Administratrix of the Estate of Jessie L. Adams and Don Burden & Associates, Inc., Appellants,**

v.

**SPRING VALLEY CONSTRUCTION COMPANY, Appellee.**

No. 05–86–00499–CV.

Court of Appeals of Texas, Dallas.

March 17, 1987.

Rehearing Denied May 5, 1987.

Leo John Jordan, Dallas, for appellant Don Burden.

Edward Gray, Dallas, for appellant Patsey Seaton Geiger.

David B. James, Dallas, for appellant Jane Adams.

Lancaster Smith, Sr., Scott Smith, Dallas, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

DEVANY, Justice.

This is an appeal from a summary judgment in a suit between a general contractor and a subcontractor over indemnification in a wrongful death case. Spring Valley Construction Company contracted with Don Burden & Associates, Inc., to do the plumbing work in one of Spring Valley's projects under construction. The subcontract between the parties included a provision whereby Don Burden would indemnify Spring Valley for all liability arising out of Don Burden's work on the project. Jessie Adams, an employee of Don Burden, was killed when he fell through an elevator shaft cover built and inspected by Spring Valley. His estate and survivors brought a wrongful death action against Spring Valley, and later joined Don Burden & Associates as a defendant. Spring Valley cross-claimed against Don Burden for indemnification under their contract. Both Spring Valley and Don Burden filed cross-motions against the other for summary judgment. The trial court granted Spring Valley's motion and denied the motion of Don Burden. Don Burden appeals, and the estate of Jessie Adams and his survivors join in the appeal. Don Burden raises eight points of error; however, we need only address its first and second points of error because they are dispositive of this appeal. In its first and second points of error, Don Burden claims that the trial court erred in denying its motion for summary judgment and in granting Spring Valley's motion for summary judgment because the indemnity language in question does not meet the "clear and unequivocal" test required of

indemnity provisions for the indemnitee's own negligence in Texas. Because we hold that the indemnity language in question does not meet the "express negligence doctrine" as now adopted in Texas, we reverse the judgment of the trial court and render judgment in favor of Don Burden & Associates, Inc.

The indemnity language in question in this case occurs in a provision of the subcontract between Spring Valley and Don Burden. The provision states:

The Subcontractor agrees—

\* \* \* \* \* \*

(d) To carry Workmen's Compensation Insurance, Comprehensive Bodily Injury, Property Damage Liability and Automotive Liability Insurance with limits as required of the Contractor by the Owner. Such insurance to be carried with insurance companies acceptable to and approved by the Contractor and Certificates of Insurance evidencing such coverage are to be furnished to the Contractor providing not less than 10 days notice of cancellation. Subcontractor does hereby agree to indemnify and save harmless the Contractor of any and all liability including all costs in connection therewith resulting from injury to, including death, of any persons as well as damage to property of others *resulting and arising out of the operations of the Subcontractor.* (Emphasis added.)

Spring Valley based their motion for summary judgment on this language, together with the language which appeared in the Certificate of Insurance provided by Don Burden. The pertinent portion of the Certificate of Insurance states:

The Subcontractor shall indemnify and hold harmless the contractor, ... and employees, from and against all claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from the performance of the Subcontractor's Work under the Contract Documents, provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or death, ... and (b) is caused in whole or in part by [a] negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder....

First, we address the question of whether the language in the subcontract, alone, is sufficient to require Burden to indemnify Spring Valley for Spring Valley's own negligence. We hold that it is not sufficient. The supreme court of Texas has recently adopted the "express negligence doctrine" in *Ethyl Corporation v. Daniel Construction Company,* 725 S.W.2d 705 (Tex.1987). In that case, the court stated:

The express negligence doctrine provides that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract. We now reject the clear and unequivocal test in favor of the express negligence doctrine. In so doing, we overrule those portions of *Joe Adams & Son, v. McCann Construction Co., Ohio Oil Co. v. Smith,* and *Mitchell's, Inc. v. Friedman* stating it is unnecessary for the parties to say, "in so many words," they intend to indemnify the indemnitee from liability for its own negligence. *Joe Adams & Son, v. McCann Construction Co.,* 475 S.W.2d 721, 723 (Tex.1971); *Ohio Oil Co. v. Smith,* 365 S.W.2d 621, 624 (Tex.1963); *Mitchell's, Inc., v. Friedman* [157 Tex. 424] 303 S.W.2d 775, 779 (Tex.1957).

*Ethyl Corporation,* 725 S.W.2d at 708.

In *Ethyl,* an employee of the contractor was injured while working on a construction project for the owner. The employee sued the owner, who in turn sued the contractor for indemnification based upon the following indemnification provision in the contract between the owner and the contractor:

Contractor shall indemnify and hold Owner harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the

negligence or carelessness of Contractor, Contractor's employees, Subcontractors and agents or licensees.

725 S.W.2d at 707. The supreme court held that this language was insufficient to require the contractor to indemnify the owner against the owner's negligence.

In light of *Ethyl*, we also hold that the language "within the four corners" of the subcontract between Spring Valley and Don Burden does not expressly state that Don Burden is to indemnify Spring Valley against liability *caused by Spring Valley's own negligence.*

However, Spring Valley argues that, even if the language in the subcontract itself is insufficient to require indemnification, the language in the Certificate of Insurance is sufficient to require Don Burden to indemnify Spring Valley. Spring Valley bases this argument on its theory that the Certificate of Insurance is part of the subcontract between the parties. Assuming arguendo, without so holding, that the Certificate of Insurance was a condition of the subcontract and, therefore, is part of the entire subcontract, we then must examine both documents, the underlying subcontract and the Certificate of Insurance. We were told in oral argument that the language contained in the Certificate of Insurance was prepared by Spring Valley. A reading of both instruments does not indicate that Burden undertook to indemnify Spring Valley for *its* own acts.

The supreme court in *Ethyl* made it abundantly clear that, in order to require an indemnitor to indemnify an indemnitee against the indemnitee's own negligence, the intent of the parties to do so must be *expressly stated* within the four corners of the contract. 725 S.W.2d at 708. Even if the Certificate of Insurance were considered part of the subcontract, it does not *expressly* state that Spring Valley is to be indemnified against *its* own negligence. Therefore, both documents, even when treated as one contract, fail to meet the requirements of the "express negligence doctrine."

The supreme court's purpose in adopting the express negligence doctrine was to pre-vent drafters of contracts from subtly concealing provisions which would require indemnification against the indemnitee's own negligence. The court stated:

As we have moved closer to the express negligence doctrine, the scriveners of indemnity agreements have devised novel ways of writing provisions which fail to expressly state the true intent of those provisions. The intent of the scriveners is to indemnify the indemnitee for its negligence, yet be just ambiguous enough to conceal that intent from the indemnitor. The result has been a plethora of law suits to construe those ambiguous contracts. We hold the better policy is to cut through the ambiguity of those provisions and adopt the express negligence doctrine.

725 S.W.2d at 707. We hold, therefore, that the indemnity provisions in the subcontract, even when combined with the Certificate of Insurance, are insufficient to require Don Burden to indemnify Spring Valley against Spring Valley's own negligence.

As further authority for this holding, we rely upon *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company,* 490 S.W.2d 818 (Tex. 1972), which was decided under the former "clear and unequivocal" rule. In that case, an indemnitee argued that, although the indemnity provision in the contract between the parties did not clearly and unequivocally require the indemnitor to indemnify him against his own negligence, the requirement that the indemnitor carry liability insurance was evidence that the indemnitor intended to cover the negligent acts of the indemnitee. In response to this argument, the court stated:

We cannot agree with the contention of [the indemnitee] that the requirement in Section 12 that [the indemnitor] carry certain liability insurance for the protection of General Motors evidenced an intention to cover negligent acts of the latter. While the meaning of the contract provisions relating to liability insurance are not clear, the most reasonable construction is that they were to assure performance of the indemnification

agreement *as entered into by the parties*. Such provisions are often required to guard against insolvency of the indemnitor, and *they should not be considered as any evidence of intent to broaden the contractual indemnity obligation*. 490 S.W.2d at 823, (emphasis added).

Since we have held that the indemnity provisions in the subcontract, which we are assuming includes the Certificate of Insurance, do not expressly state that Don Burden is to indemnify Spring Valley against liability due to Spring Valley's own negligence, we, therefore, hold that it was error for the trial court to grant Spring Valley's motion for summary judgment. It was also error for the trial court to deny Don Burden's motion for summary judgment since the construction subcontract does not expressly require Don Burden to indemnify Spring Valley against Spring Valley's own negligence. Therefore, as a matter of law, the subcontract is insufficient to require Don Burden to indemnify Spring Valley for its own negligence. Don Burden's first and second points of error are sustained. Accordingly, we reverse the summary judgment in favor of Spring Valley, and render judgment in favor of Don Burden & Associates, Inc.

While the first and second points of error are dispositive of this appeal, it now becomes necessary for us to address Don Burden's sixth and eighth points of error because of other facets of this case needing consideration by reason of our holding.

In its sixth point of error, Don Burden states that the trial court erred in dismissing the various causes of action based on Spring Valley's alleged negligence, after granting Spring Valley's motion for summary judgment. Since we are reversing the judgment of the trial court, we must agree because the claims of Jane Adams, the Estate of Jessie Adams, and his other survivors against Spring Valley for its alleged negligence have not been resolved. The trial court dismissed their causes of action after it ruled that Don Burden was required to indemnify Spring Valley for its own negligence. We reverse the trial court's dismissal of the Adams claims which are based upon the alleged negligence of Spring Valley and remand those claims to the trial court for a trial on the merits. Since the Adams plaintiffs have already settled with Don Burden with respect to their claims against Don Burden, we sustain the earlier order of the trial court dismissing those claims against Don Burden.

In its eighth point of error, Don Burden claims that the trial court erred in awarding attorneys' fees to Spring Valley. We agree. In light of our disposition of Spring Valley's claim for indemnity against Don Burden, we reverse the trial court's award of attorneys' fees to Spring Valley.

The case is reversed and judgment is rendered in favor of Don Burden & Associates, and the claims of the Adams estate and survivors against Spring Valley are remanded to the trial court for a trial on the merits.