Tommy Wiley SINGLETON, Petitioner,

v.

CROWN CENTRAL PETROLEUM
CORPORATION, Respondent.

No. C–5539.

Supreme Court of Texas.

April 22, 1987.

Rehearing Denied June 3, 1987.

Valorie W. Davenport, Stradley, Barnett & Stein, Rayburn P. Putney, W. James Kronzer, Houston, for petitioner.

Karl S. Stern, Daniel A. Hyde, Michael G. Terry, Vinson & Elkins, Houston, for respondent.

PER CURIAM.

At issue in this personal injury action is the interpretation of an indemnity contract between an owner and its contractor. Following a jury trial, the trial court rendered judgment granting indemnity to the owner. The court of appeals affirmed. 713 S.W.2d

115. The court of appeals held that the indemnity contract agreement met the "clear and unequivocal" rule previously adopted by this court. *See Firemen's Fund Insurance Co. v. Commercial Standard Insurance Co.*, 490 S.W.2d 818 (Tex. 1972). We initially refused the application for writ of error, no reversible error. In *Ethyl Corporation v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987), however, we abandoned the "clear and unequivocal" rule in favor of the "express negligence" rule. Because the present indemnity contract does not satisfy the "express negligence" rule, a majority of the Court grants petitioner's motion for rehearing, withdraws our previous order refusing the application, no reversible error, and, without hearing oral argument, reverses the judgment of the court of appeals.

Tommy Wiley Singleton filed suit against Crown Central Petroleum Corporation for actual and punitive damages and against Mundy Construction Company, Crown's contractor, for actual damages sustained in an accident on Crown's premises. Crown filed a third-party action against Mundy seeking contribution or indemnity. Prior to trial, Singleton settled his punitive damages claim against Crown for $300,000 and his actual damages claim against Mundy for $600,000. In his settlement with Mundy, Singleton agreed to indemnify Mundy from any further liability. Following these settlements, Crown dismissed its contribution claim against Mundy leaving for trial only Singleton's actual damages claim against Crown and Crown's third-party claim against Mundy to enforce the indemnity agreement.

The case was tried to a jury which found Crown's negligence to be a proximate cause of the accident. The jury further found Singleton's damages to be $913,862.87 and also other facts substantiating Crown's claim for contractual indemnity from Mundy.

Based on the jury's verdict, the trial court awarded Crown a dollar credit equal to the amount of Singleton's settlement with Mundy thereby reducing Singleton's recovery to $313,862.87. The trial court then found that Crown was entitled to indemnity from Mundy under their indemnity contract, but that Mundy was also entitled to indemnity from Singleton under their settlement agreement. The ultimate judgment rendered by the trial court was that Singleton take nothing from Crown.

In light of our recent adoption of the "express negligence" rule against which the present indemnity obligation must be tested, the court of appeals has erred in affirming the award of indemnity under the Crown/Mundy contract. Crown, however, is entitled to a dollar credit for the $600,000 paid in settlement by Mundy. TEX.CIV.PRAC. & REM.CODE ANN. § 33.014 (Vernon 1987).

The judgment of the court of appeals is reversed and judgment is rendered that Singleton recover his damages of $313,862.87 from Crown.