**B–F–W CONSTRUCTION CO., INC., Appellant,**

v.

**Ralph GARZA, Individually and d/b/a R. Garza Concrete Co., Appellee.**

No. 2–87–189–CV.

Court of Appeals of Texas, Fort Worth.

April 13, 1988.

Rehearing Denied May 11, 1988.

**612**

Stan Carter, Wichita Falls, for appellant.

Fillmore, Purtle, Spurgers & Lambert and Glynn Purtle, Wichita Falls, for appellee.

Before BURDOCK, JOE SPURLOCK, II and LATTIMORE, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This case involves an indemnity clause in a subcontract agreement between a general contractor, B–F–W Construction Company (B–F–W), and a subcontractor, Garza Concrete Company (Garza Concrete). Garza Concrete contracted with B–F–W to do the concrete work on the construction of expanded facilities for Wichita General Hospital. The subcontract between the parties included a provision whereby Garza Concrete would indemnify B–F–W for all liability arising out of Garza Concrete work on the project regardless of cause or fault or negligence of B–F–W.

Randy Garza, an employee of Garza Concrete, was injured while working in the course and scope of his employment at the construction site. Garza collected his worker's compensation claim in full, then brought a negligence suit against B–F–W. B–F–W brought a third party action against Garza Concrete for indemnification under their contract. Garza Concrete, Randy's employer, then filed a motion for summary judgment on the grounds that the indemnity language did not meet the "express negligence doctrine" test. The trial court granted summary judgment for Garza Concrete, ordered that B–F–W take

nothing under the third party action and severed the third party action.

We reverse and remand.

■ B–F–W in three points of error argues that the trial court erred in granting the motion for summary judgment because the language in the indemnity clause was sufficient under the expressed negligence doctrine to require Garza Concrete to indemnify B–F–W. In *Ethyl Corporation v. Daniel Construction Company*, 725 S.W. 2d 705 (Tex.1987), the Supreme Court of Texas adopted the express negligence doctrine. The doctrine provides that in order to require an indemnitor to indemnify an indemnitee against the indemnitee's own negligence, the intent of the parties to do so must be *expressly stated* within the four corners of the contract. *Id.* at 708.

In *Ethyl,* an employee of the contractor, Daniel Construction, was injured while working on a construction project for the owner, Ethyl. The employee sued the owner, who in turn sued the contractor for indemnification based upon the following indemnification clause in the contract between the owner and the contractor:

> Contractor · shall indemnify and hold Owner harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor, Contractor's employees, Subcontractors and agents or licensees.

*Id.* at 707. Ethyl argued that the words "any loss" "as a result of operations" showed an intent by the contractor, Daniel Construction, to indemnify Ethyl for Ethyl's own negligence. *Id.* at 708. The Supreme Court held that the indemnity provision did not meet the express negligence test. *Id.*

■ In this case on appeal, the contract between B–F–W and Garza Concrete contained the following indemnity provision in paragraph sixteen:

> (a) Subcontractor shall fully protect, indemnify and defend Contractor and hold it harmless from and against any and all claims, demands, liens, damages,

causes of action and liabilities of any and every nature whatsoever arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to any of Subcontractor's work or operations hereunder or in connection herewith (regardless of cause or of any concurrent or contributing fault or negligence of Contractor) or any breach of or failure to comply with any of the provisions of this Subcontract or the Contract Documents by Subcontractor.

(b) Subcontractor shall fully protect, indemnify and defend Contractor and hold it harmless from and against any and all claims, demands, causes of action, damages and liabilities for injury to or death of Subcontractor, or any one or more of Subcontractor's employees or agents, or any subcontractor or supplier of Subcontractor, or any employee or agent of any such subcontractor or supplier, arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to any work or operation or operations of Subcontractor or Contractor or any other contractor or subcontractor or party, or otherwise in the course and scope of their employment, and regardless of cause or of any fault or negligence of Contractor.

(c) Each of the provisions of this Paragraph 16 shall be in addition to and shall not limit or be limited by any other provisions of this paragraph or any other provisions of this Subcontract.

We hold that the language "and regardless of any cause or of any fault or negligence of contractor" meets the express negligence test because it expressly states the intent of the parties that the subcontractor would indemnify the contractor for the contractor's own negligence. The indemnity provision does not use ambiguous language such as that stated in the *Ethyl* case.

Garza Concrete further argues that the indemnity language in *Adams v. Spring Valley Construction Company*, 728 S.W. 2d 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) is similar to the language used in the indemnity provision in this case on appeal,

and would prevent B–F–W's recovery. In *Adams*, both the subcontract and the certificate of insurance between the parties included a provision whereby the subcontractor, Don Burden, would indemnify the contractor, Spring Valley, for all liability arising from or out of Burden's work on the project. *Id.* at 413. The subcontract between the parties contained the following indemnity provision:

(d) To carry Workmen's Compensation Insurance, Comprehensive Bodily Injury, Property Damage Liability and Automotive Liability Insurance with limits as required of the Contractor by the Owner. Such insurance to be carried with insurance companies acceptable to and approved by the Contractor and Certificates of Insurance evidencing such coverage are to be furnished to the Contractor providing not less than 10 days notice of cancellation. Subcontractor does hereby agree to indemnify and save harmless the Contractor of any and all liability including all costs in connection therewith resulting from injury to, including death, of any persons as well as damage to property of others *resulting and arising out of the operations of the Subcontractor.*

*Id.* (emphasis in original). The certificate of insurance between the parties contained the following indemnity provision:

The Subcontractor shall indemnify and hold harmless the contractor, ... and employees, from and against all claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from the performance of the Subcontractor's Work under the Contract Documents, provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or death, ... *and (b) is caused in whole or in part by [a] negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder....*

*Id.* (emphasis added). The Dallas Court of Appeals held that the indemnity provisions

in the subcontract, even when combined with the certificate of insurance, did not expressly state that the contractor was indemnified against *its* own negligence.

We find that the indemnity provision in this case on appeal differs from the indemnity language in *Adams*. We agree with the *Adams* court that the language "resulting and arising out of the operations of the subcontractor" and the language "(b) is caused in whole or in part by [a] negligent act or omission of the Subcontractor or anyone ... for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder ..." does not expressly state that the subcontractor is to indemnify the contractor for the contractors own negligence.

In our case the indemnity provision expressly states that the subcontractor shall indemnify the contractor "regardless of cause or of any fault or negligence of contractor." We hold as a matter of law that the language "regardless of cause or of any fault or negligence of contractor" meets the express negligence test and is sufficient to require Garza Concrete to indemnify B–F–W for its own negligence. We sustain B–F–W's three points of error.

We observe that the result here provides an injured employee, who recovers under worker's compensation and who may also recover for the negligence of a third party, in effect may also ultimately recover from his own employer (without proof of any intentional tort). However, whether the result obtained here violates public policy is a matter for our Supreme Court, or the legislature.

We reverse the summary judgment in favor of Garza Concrete and the action of the trial court in severing the third party suit from the main suit and remand the cause for trial.