**The MONSANTO COMPANY,
Appellant,**

v.

**OWENS–CORNING FIBERGLAS
CORPORATION, Appellee.**

No. 01–88–00386–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1988.

Rehearing Denied Feb. 2, 1989.

Kenneth J. Bower, McLeoad, Alexander, Powell & Apffell, Galveston, for appellant.

Rodney P. Bridgers, Jr, Fulbright & Jaworski, Houston, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment holding unenforceable the indemnity provisions of a contract between a company and a subcontractor. We affirm.

An employee of subcontractor Owens-Corning Fiberglas Corp., Darwin Crabb, filed a personal injury claim against the contractor, The Monsanto Company. Monsanto then filed a third party action for indemnification against Owens-Corning. Owens-Corning moved for summary judgment, claiming that the indemnification provisions of their contract did not express in specific terms Owens-Corning's intent to indemnify Monsanto.

The trial court granted Owens-Corning's motion for summary judgment and, following a severance, Monsanto appealed.

Indemnity suits have been allowed in Texas only when the employer and the third party have a contractual or implied contractual agreement providing for indemnification. *Houston Lighting & Power Co. v. Eller Outdoor Advertising Co.*, 635 S.W.2d 133 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Absent such an agreement, when an employee has accepted workers' compensation benefits, the third party has no right of indemnity against the negligent employer. *Varela v. American Petrofina Co. of Texas*, 658 S.W.2d 561 (Tex.1983); *see* Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (Vernon Supp.1988) (Workers' Compensation Statute).

In construing indemnification agreements, Texas has adopted the "express negligence doctrine." *Ethyl Corp. v. Daniel Const. Co.*, 725 S.W.2d 705 (Tex.1987). Under this doctrine, the intent of the contract must be expressly stated within the four corners of the contract. The provisions that have been held unenforceable either have not specifically mentioned negligence or have not specified the extent of coverage that would be applied.

For example, in *Gulf Coast Masonry, Inc. v. Owens-Illinois, Inc.*, 739 S.W.2d 239 (Tex.1987), the court found that the following language did not meet the ex-

press negligence doctrine test because the intent of the parties was not specifically stated within the four corners of the instrument:

> Contractor [Gulf Coast] agrees to indemnify and save owner [Owens–Illinois] harmless from any and all loss sustained by owner by reason of damage to owner's property or operations, and from any liability or expense on account of property damage or personal injury (including death resulted therefrom) sustained or alleged to have been sustained by any person or persons, including but not limited to employees of owner, contractor and subcontractors, arising out of or in any way connected with or attributable to the performance or non-performance of work hereunder by contractor, its subcontractor(s) and their respective employees and agent, or by any act or omission of contractor, its subcontractor(s), and their respective employees and agents while on owner's premises, or by defects in material or equipment furnished hereunder. . . .

In *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987), the court found that an indemnity agreement between an owner and contractor that the contractor would indemnify the owner against all claims for personal injury or property damage except claims arising out of the sole negligence of owner did not satisfy the express negligence rule. *Id.* at 691; *see also Linden–Alimak, Inc. v. McDonald*, 745 S.W.2d 82 (Tex.App.—Fort Worth 1988, writ denied).

Conversely, *B–F–W Constr. Co. v. Garza*, 748 S.W.2d 611 (Tex.App.—Fort Worth 1988, no writ), is an example of a case in which the court found that the contract met the express negligence test. The provision stated that the subcontractor would indemnify the contractor "regardless of cause or of any fault or negligence of Contractor." The court found that the contract language met the express negligence test because it expressly stated the intent of the parties that the subcontractor would indemnify the contractor for the contractor's own negligence. *Id.* at 613.

In *Adams Resources Exploration Corp. v. Resource Drilling, Inc.*, 761 S.W.2d 63 (Tex.App.—Houston [14th Dist.] 1988, writ pending), the court upheld an indemnity agreement because the clause specifically asserted that it covered the negligence of both parties. The provision provided for indemnity for claims:

> without limit and without regard to the cause or causes thereof or the negligence of any party or parties.

The applicable indemnity provision of the contract in question between Monsanto and Owens–Corning reads in pertinent part:

> Contractor agrees to indemnify and save Monsanto and its employees harmless against any and all liabilities, penalties, demands, claims, causes of action, suits, losses, damages, costs and expenses (including costs of defense, settlement and reasonable attorneys' fees) which any or all of them may hereafter suffer, incur, be responsible for or pay out . . . as a result of bodily injuries . . . to any person or damage . . . to any property occurring to or caused in whole or in part by, Contractor (or any of his employees), any of his Subcontractors (or any employee thereof), or any person, firm or corporation (or any employee thereof) directly or indirectly employed or engaged by either Contractor or any of his Subcontractors.

The term "negligence" is not found in the indemnification provision. Nor does the provision specify the extent of coverage that would be applied. It does not provide for contractual comparative negligence, concurrent negligence, or gross negligence. Because the intent of the parties is not specifically stated within the four corners of the contract, we find that this indemnity provision does not satisfy the express negligence test.

Appellant's third point of error is overruled.

Initially, Monsanto complains that the summary judgment was based on an affirmative defense that Owens–Corning failed to plead. It argues that the defense of concurrent or contributory negligence to an indemnity contract is an affirmative de-

fense, which must be both pled and proven by the indemnitee.

 Monsanto bases its third party claim against Owens–Corning on construction of the indemnification provision in their contract. The express negligence test is a rule of contract construction, not an affirmative defense. Owens–Corning's general denial put into issue the validity of the indemnity provision requiring Monsanto to establish enforceability of the indemnity provision. *Warren Brothers Co. v. A.A.A. Pipe Cleaning Co.,* 529 S.W.2d 779 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

 Usually, when the writing contains an ambiguity, a summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex.1980); *RGS, Cardox Recovery, Inc. v. Dorchester Enhanced Recovery Co.,* 700 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). However, under *Ethyl,* when the contract providing for indemnification is ambiguous, the contract is construed against indemnification.

The defendant moving for a summary judgment may prevail if it shows that as a matter of law no material issue of fact exists as to the plaintiff's cause of action. *Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976). The basis of the summary judgment here is that Monsanto could not prevail on its cause of action because the indemnity agreement is unenforceable. As a matter of law, Monsanto is not entitled to indemnification from Owens–Corning.

The appellant's first point of error is overruled.

 In its next point of error, Monsanto argues that the summary judgment is improper because the indemnity language expressly requires Owens to indemnify Monsanto for its defense costs in the event that a jury finds that Monsanto was not negligent. This subsection of the provision, as set out above, also fails the express negligence test. The intent of Owens–Corning to indemnify Monsanto for attorney's fees

is not specifically stated within the contract.

Appellant's second point of error is overruled.

Accordingly, we affirm the judgment of the trial court.