**Gary WHITSON, Appellant,**

v.

**GOODBODYS, INC., Appellee.**

No. 05-88-01093-CV.

Court of Appeals of Texas, Dallas.

May 19, 1989.

Rehearing Denied Aug. 1, 1989.

Cory C. Groves, Dallas, for appellant.

Wade L. McClure, Dallas, for appellee.

Before STEWART, ROWE and OVARD, JJ.

ROWE, Justice.

Appellant Gary Whitson sued appellee Goodbodys, Inc. for personal injuries which he sustained at Goodbodys' place of business. The trial court granted summary

judgment for Goodbodys based upon an exculpatory agreement executed by Whitson. In his sole point of error, Whitson complains that the trial court erred in granting summary judgment because it failed to apply the express negligence doctrine to the agreement. For the reasons discussed below, we overrule Whitson's point of error and affirm the trial court's judgment.

### Background

Whitson was injured on Goodbodys's premises while participating in an aerobics class. The class had a number of participants and was instructed by an employee of Goodbodys. During a particular exercise, Whitson was injured when another participant stepped on Whitson's left heel, rupturing his Achilles tendon. Prior to his injury, Whitson had signed a one-page agreement containing the following exculpatory provisions:

> It is understood and agreed that the undersigned shall not bring or cause to be brought any action due to any personal injury or property damage that might result from the undersigned's participation in any exercise, dance, or workout whether under the supervision of any instructor or by the undersigned's own direction.

> To restate, the undersigned agrees to accept full responsibility and to hold harmless Goodbodys and/or all persons in the aforementioned employ.

Whitson sued Goodbodys, alleging that its negligence proximately caused his injury. Goodbodys moved for summary judgment based solely on the above agreement. In his response, Whitson argued that this agreement was ineffective and unenforcea-

ble for a number of reasons, including that it failed to meet the requirements of the express negligence doctrine. Goodbodys replied that the express negligence doctrine is limited to indemnity provisions and does not apply to ordinary exculpatory provisions. On appeal, we are faced with one issue [1]—does the express negligence doctrine apply to the exculpatory provisions of the agreement in this case.

### Analysis

In *Ethyl Corp. v. Daniel Construction Co.,* our supreme court adopted the express negligence doctrine. 725 S.W.2d 705, 708 (Tex.1987). This doctrine provides that parties seeking to indemnify an indemnitee from the consequences of the indemnitee's own negligence must express that intent in specific terms. *Id.* By its own definition, it is clear that the express negligence doctrine applies only to a particular situation arising under indemnity agreements.[2] Both parties acknowledge that no Texas court has applied the express negligence doctrine to exculpatory provisions similar to those in this case. Nor has our own research uncovered any case, either in Texas or in any other jurisdiction, applying the express negligence doctrine to exculpatory provisions other than indemnity clauses. Thus, whether to extend this doctrine to other exculpatory provisions appears to be an issue of first impression.

■ An indemnity clause purports to shift responsibility for the payment of damages from one party to another. *See* 14 TEX.JUR.3d *Contribution & Indemnification* § 1 (1981); BLACK'S LAW DICTIONARY 692 (5th ed. 1979). As such, an indemnity clause allocates the risk of loss

---

1. On appeal, Whitson has not raised any other ground to invalidate the agreement. During oral argument, Whitson conceded that for purposes of this appeal, the exculpatory provisions are valid and enforceable unless the express negligence doctrine applies.

2. Since *Ethyl,* Texas courts have applied the express negligence doctrine only in situations where the indemnitee was seeking to compel the indemnitor to assume responsibility for injuries resulting to a third party as a result of the indemnitee's negligence. *See, e.g., Atlantic*

*Richfield Co. v. Petroleum Personnel, Inc.,* 32 Tex.Sup.Ct.J. 346, 347 (Apr. 29, 1989); *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.,* 739 S.W.2d 239, 239 (Tex.1987); *Singleton v. Crown Cent. Petroleum Corp.,* 729 S.W.2d 690, 691 (Tex. 1987); *Monsanto Co. v. Owens–Corning Fiberglass Corp.,* 764 S.W.2d 293, 296 (Tex.App.— Houston [1st Dist.] 1988, no writ); *B–F–W Constr. Co. v. Garza,* 748 S.W.2d 611, 613 (Tex. App.—Fort Worth 1988, no writ); *Adams v. Spring Valley Constr. Co.,* 728 S.W.2d 412, 414 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

or injury resulting from a particular venture between the parties to the agreement. An exculpatory clause relieves one party from the consequences of its own negligence. *See Allright Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex.1974); 14 TEX. JUR.3d *Contracts* § 162 (1981). Such clause relieves one party from responsibility for injuries incurred by the other party from a particular transaction or occurrence.

█ Under an indemnity clause, one party may be called upon to compensate an injured third party for tortious conduct over which he had no control. When the tortious conduct is the other party's own negligence, we instinctively reject the inequity resulting from enforcing the indemnity clause. By utilizing the express negligence test in such situations, we overcome this reluctance because of the parties' own assurances that the indemnitor knowingly bargained to assume responsibility for the indemnitee's conduct.

Under an exculpatory clause like the one in this case, however, one party merely agrees to assume responsibility for protecting himself from the other party's negligence. Unless the first party is at such a disadvantage in bargaining power that he is practically forced to submit to the clause, we perceive no injustice in enforcing the exculpatory clause. Thus, in Texas, it is clear that parties may agree to limit one party's liability for future negligence unless one party has no real choice in accepting the limitation of liability. *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex. 1974); *Crowell v. Housing Auth. of Dallas*, 495 S.W.2d 887, 889 (Tex.1973); *Mostek Corp. v. Chemetron Corp.*, 642 S.W.2d 20, 26 (Tex.App.—Dallas 1982, writ dism'd by agr.). Indeed, such agreements are valid in virtually every American jurisdiction. Comment, *Releases: An Added Measure of Protection from Liability*, 39 BAYLOR L.REV. 487, 488–89 (1987) (authored by J. Springer). The few courts that have considered exculpatory agreements in situations similar to this case have uniformly enforced such agreements. *Neumann v. Gloria Marshall Figure Salon*, 149 Ill.

App.3d 824, 102 Ill.Dec. 910, 916, 500 N.E.2d 1011, 1014 (1986); *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 926 (Minn.1982); *Empress Health & Beauty Spa, Inc. v. Turner*, 503 S.W.2d 188, 191 (Tenn.1973); *Petry v. Cosmopolitan Spa Int'l, Inc.*, 641 S.W.2d 202, 203 (Tenn.Ct. App.1982).

Under the facts present in this case, therefore, we decline to extend the application of the express negligence doctrine to the exculpatory provisions of the agreement between Whitson and Goodbodys. We find the following observations in *Schlobohm* particularly appropriate to the facts of this case:

> Schlobohm voluntarily applied for membership in Spa Petite and acceded to the terms of membership. There was no showing that Spa Petite's services were necessary or that the services could not have been obtained elsewhere. She had the option of becoming a member in Spa Petite subject to the regulations and policies clearly set forth in the membership contract or not to do so, as she chose. It should have been obvious to anyone of Schlobohm's age, education and experience that an exercise program in a gymnasium bears with it a certain risk of injury, and that by the exculpatory clause Spa Petite indicated clearly that it was unwilling to shoulder that risk for the relatively nominal membership fee it charged its members.

326 N.W.2d at 925. Accordingly, we overrule Whitson's sole point of error.

Since Whitson has not raised any other ground attacking the summary judgment, we affirm the trial court's judgment.