AMOCO OIL COMPANY, Appellant,

v.

ROMACO, INC., Appellee.

No. C14–88–00492–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1989.

Otto D. Hewitt, III, Galveston, Ervin Apffel, Jr. and Kenneth J. Bower, Michael L. Neely and Evelyn T. Ailts, Galveston, for appellant.

Fred D. Raschke, Ron Braswell, Galveston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Certain employees of appellee were allegedly injured from exposure to chemical fumes while working on premises owned by appellant. They sued appellant for personal injuries, and appellant filed a third-party action against appellee based upon an indemnity provision in a contract between the parties. Appellee filed a motion for summary judgment asserting indemnity was not proper. The trial court granted its motion. The summary judgment was then severed and is before us.

Appellant challenges this judgment in four points of error. Points one and two allege that the trial court abused its discretion by failing to follow the rules governing the granting of a summary judgment. See Tex.R.Civ.P. 166a. Point of error three alleges that genuine issues of material fact exist, and point of error four asserts that the indemnity language of the contract is in accordance with the "express negligence" doctrine. We sustain point of error number four, reverse the judgment of the trial court and remand for further proceedings.

The indemnity language in question is as follows:

The contractor [Romaco] shall indemnify and save company [Amoco] harmless

from and against any and all losses, claims, demands, liabilities, suits or actions (including all reasonable expenses and attorneys' fees) for injuries to or the death of any person or persons, including the property of company, caused by or resulting from the negligence of the contractor or any of its subcontractors or the employees of either, or from poor, improper or unworkmanlike performance of any of the work to be performed hereunder, or by materials (except such as company may have furnished) used in said work which are defective, or by reason of any other thing in connection with the performance of this contract whether caused by a negligent act or omission of either party hereto, or their employees, or otherwise and the contractor agrees to reimburse company for all sums which company may pay or be compelled to pay in settlement of any claim on account thereof, including any claim under the provisions of any workmen's compensation law or other similar law, or under any plan for employees benefits which company may have or adopt, except that the contractor assumes no liability for the sole negligent acts of company, its agents, servants, or employees.

Amoco asserts this language is sufficient under the express negligence doctrine to require Romaco to indemnify Amoco for the employees' cause of action. The express negligence doctrine was adopted by the Texas Supreme Court in *Ethyl Corporation v. Daniel Construction Company*, 725 S.W.2d 705 (Tex.1987), and provides that in order to require one party to indemnify another against his own negligence, the intent of the parties to do so must be expressly stated within the four corners of the contract.

In *Ethyl*, an employee of the contractor was injured while working on a construction project for the owner. The employee sued the owner, who in turn sued the contractor for indemnification based upon the following provision of the contract between the owner and the contractor:

Contractor shall indemnify and hold Owner harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor, Contractor's employees, Subcontractors and agents or licensees.

*Ethyl* at 707. The Supreme Court held that this language was insufficient to require the contractor to indemnify the owner against the owner's negligence.

■ Appellee maintains that the contract here fails the express negligence test because it does not specify the kind, character, or degree of negligence that is to be indemnified. It is appropriately pointed out that the contract has no express provision concerning comparative or concurrent negligence. Indemnitees seeking indemnity for the consequences of their own negligence, which proximately causes injury jointly and concurrently with the indemnitor's negligence, must also meet the express negligence test. *B–F–W Construction Co., Inc. v. Garza,* 748 S.W.2d 611 (Tex.App.—Fort Worth 1988). However, because of recent cases from the Texas Supreme Court, the language of the present case is held to be sufficient to require indemnification.

The Supreme Court's purpose in adopting the express negligence doctrine was to require drafters of contracts clearly to express any intent to indemnify for the indemnitee's own negligence, rather than subtly conceal such provisions within an agreement between the parties. *Atlantic Richfield v. Petroleum Personnel, Inc.,* 768 S.W.2d 724 (Tex.1989); *Adams v. Spring Valley Construction Company,* 728 S.W.2d 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). This purpose was accomplished in the contract here. The provision requires indemnity for injury or harm to persons or property caused by negligence of "either party hereto, or their employees." Although the language does not differentiate between degrees of negligence nor mention the possibility of concurrent negligence, it is sufficient to define the intent of the parties. Usage of the terms "joint," "concurrent" or "comparative contractual" would not add to the expression

of intent to exonerate Amoco for its negligence. *Atlantic Richfield at* 726.

Since point of error number four is dispositive of this appeal, there is no need to address the remaining points of error.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.