**GULF OIL CORPORATION, (now Chevron U.S.A., Inc.), Appellant,**

**v.**

**FORD, BACON & DAVIS, TEXAS, INC., Appellee.**

No. 09–88–230 CV.

Court of Appeals of Texas, Beaumont.

Dec. 21, 1989.

Rehearing Denied Jan. 10, 1990.

---

1. TEX.R.CIV.P. 131.

Richard L. Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellant.

Martin Dies Orange, Howard L. Close, Orgain, Bell & Tucker, Gerald R. Flatten, Rienstra, Dowell & Flatten, John R. Dolezal, Weller, Wheelus & Green, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Bobby Ray Tucker filed suit alleging personal injuries caused by negligence by Gulf Oil Corporation (Gulf) and Homer Miller. Tucker was a millwright employed by Ford, Bacon, and Davis (FBD) at Gulf's Port Arthur, Texas refinery. FBD had contracted with Gulf to build a new unit at the refinery. When FBD received the contract, it requested a parking area for its employees. The parking lot was designed, constructed and maintained by FBD on land provided by Gulf. Gulf had the right of final approval for the fence and the number and location of exits.

On May 14, 1979, Tucker was going to his car in the parking lot at the end of the work day. As he was stepping over one of the telephone poles laid down as bumpers, Homer Miller (another FBD employee) was driving his pickup truck around the end of the pole. Miller turned too sharply and one of his rear tires caught on the pole. The pole rolled over Tucker's foot and leg, knocking him down and breaking his leg. After Tucker sued Gulf and Miller, Gulf brought a third-party action against FBD, alleging FBD was obligated by contract to indemnify Gulf if Tucker was found to be entitled to damages against Gulf. At trial, the jury found that Gulf, Miller, and FBD were negligent, and that the negligence of each was a proximate cause of the accident. The trial court's judgment awarded Tucker damages in the amount of $249,-999.45 (the amount of damage found by the jury less the stipulated amount of worker compensation benefits he had received) against Miller and Gulf, jointly and severally. The judgment denied Gulf any recovery on its third party action for indemnity against FBD. Gulf has perfected this appeal.

■ By its sole point of error, Gulf complains the trial court erred in refusing to award indemnity against FBD for the amount of the judgment rendered against Gulf and for the costs of Gulf's defense. Gulf argues that the contract expressly provided for such indemnity. The contract contains the following provisions:

[FBD] further agrees to be responsible for and to indemnify and save harmless [Gulf] from all loss or damage and all claims and suits, and costs of defending same, arising by reason of injuries (including death) to any persons or damage to any property in connection with the work whether arising out of concurrent negligence on the part of [Gulf] or otherwise.

The Texas Supreme Court has adopted the "express negligence doctrine" with regard to contractual indemnity provisions that are alleged to have been intended to protect the indemnitee against the consequences of its own negligence. *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705, 707 (Tex.1987).

The express negligence doctrine provides that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract.

*Id.* at 708. We hold that the language "whether arising out of concurrent negligence on the part of Owner" meets the express negligence test because it expressly states the intent of the parties that the contractor (FBD) would indemnify the owner (Gulf) for its own concurrent negligence. The indemnity provision does not use ambiguous language such as that in *Ethyl. See Atlantic Richfield v. Petroleum Personnel, Inc.,* 768 S.W.2d 724 (Tex.1989); *B-F-W Construction Co. v. Garza,* 748 S.W.2d 611, 613 (Tex.App.—Fort Worth 1988, no writ).

FBD relies upon *Singleton v. Crown Central Petroleum Corp.,* 729 S.W.2d 690 (Tex.1987) as authority that the indemnity agreement in the present case is insufficient to meet the express negligence test. The indemnity agreement in *Singleton* reads, in pertinent part:

Contractor agrees to ... indemnify ... owner ... from and against ... all claims, demands, actions ... and expenses ... for or in connection with ... personal injury ... arising out of ... the activities of contractor ... or in connec-tion with the work to be performed ... under this contract, excepting only claims arising out of accidents resulting from the sole negligence of owner.

*Singleton v. Crown Central Petroleum Corp.,* 713 S.W.2d 115, 117–118 (Tex.App. —Houston [1st Dist.] 1985), *rev'd,* 729 S.W.2d 690 (Tex.1987).

The indemnity language in *Singleton,* differs significantly from the indemnity language in the Gulf–FBD contract. The agreement in *Singleton* failed to meet the express negligence test, because it contained no direct language stating the parties intended that the contractor would indemnify owner for the consequences of the owner's own negligence. Rather, it could, at best, only be inferred that such was the parties' intent because the language stated that the only accidents for which indemnity will not apply are those arising out of the owner's sole negligence. This is the same defect present in the indemnity language in *Ethyl,* 725 S.W.2d at 707.

The language in the Gulf–FBD contract, however, clearly states indemnity is intended where the injury occurs "in connection with the work whether arising out of concurrent negligence on the part of [Gulf] or otherwise." In *Singleton,* the intent to cover any negligence of the indemnitee is by an inference through exclusion. In our case, it is clearly stated that Gulf's concurrent negligence is to be indemnified. While the agreement may or may not expressly state that Gulf's sole negligence is the subject of the indemnity agreement, that issue is not involved under the facts of this case. Appellee does not take issue with the jury findings which show that the accident was caused by the concurrent negligence of Gulf, FBD and Miller.

■ Appellee also argues the agreement between FBD and Gulf was an agreement to protect Gulf against losses it actually suffers because of a judgment, rather than an agreement to protect Gulf from rendition of a judgment affixing liability. Appellant argues that since there is nothing in the record indicating Gulf has actually paid any part of the judgment, this court should deny Gulf's prayer for rendition of judgment against FBD in the amount of the trial court's judgment against Gulf.

We construe the indemnity agreement between Gulf and FBD to be a promise to indemnify against liability. *See Bernard v. L.S.S. Corp.*, 532 S.W.2d 409, 410 (Tex. Civ.App.—Austin 1976, writ ref'd n.r.e.). The trial court erred in refusing to award Gulf indemnity against FBD, for the amount of the judgment rendered against Gulf and for the costs of Gulf's defense. Appellant's point of error is sustained, and that part of the trial court's judgment which denied Gulf any recovery under its third-party action for contractual indemnity is reversed.

Judgment is hereby rendered that Gulf Oil Corporation is entitled to indemnity from Ford, Bacon and Davis, Texas, Inc., in the amount of $249,999.45 plus attorney's fees and expenses in the amount of $24,-697.25, representing attorney's fees and expenses incurred in the trial court, and the further sum of $7600 for services rendered in the appeal to this court, and the further sum of $3800 if an application for writ of error to the Supreme Court of Texas is filed and the further sum of $2850 if that application is granted.[1]

REVERSED AND RENDERED.

---

1. The attorney's fees were established in evidence presented to the trial court. FBD stipulated that Gulf's attorney performed the services claimed by Gulf and the trial court found the hourly rate the attorney charged Gulf for his services was reasonable.