## EXXON CORPORATION

### v.

## ENSTAR ENGINEERING CO.

### Civ. A. No. B–88–00139–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 9, 1990.

Rene J. Mouledoux, Susan B. Sanchez, Houston, Tex., for Exxon Corp.

John P. Dukes, Union Texas Petroleum, Houston, Tex., John G. Tucker, Orgain, Bell & Tucker, Beaumont, Tex., for Enstar Engineering Co.

## MEMORANDUM OPINION

COBB, District Judge.

Raymond Groom worked as a millwright for Golden Triangle Construction Company, which was a subcontractor for Enstar on a construction project for Exxon. Groom used a tool (a striking wrench) manufactured by Armstrong which was defective, and on December 22, 1984, a piece of steel flew from the head of a striking wrench and became embedded in his eye, effectively causing the loss of sight of the eye. Being severely aggrieved, Groom sued Exxon and Armstrong, but not Enstar, the general contractor. He could not sue his employer because of the provisions of the Texas Workers Compensation Act, Art. 8306 *et seq.*, VERNON'S ANN.TEX.CIV. STAT.

Of course, before the work commenced, Exxon and Enstar entered into a contract covering the work to be done by the contractor. Exxon desired and obtained an indemnity provision in the contract. It provides:

> 8. *INDEMNIFICATION:* Exxon and Contractor shall indemnify, defend and hold the other harmless from claims, demands, and causes of action of every type and character arising out of the performance of this contract which are asserted against the indemnitee by any person (including, without limitation, Contractor's and Exxon's employees) for personal injury, death or loss of or damage to property resulting from the negligence or willful misconduct of the indemnitor. Where personal injury, death or loss of or damage to property is the result of joint negligence or willful misconduct of Exxon and Contractor, the indemnitor's duty of indemnification shall be in proportion to its allocable share of such joint negligence or willful misconduct.

After Groom sued Exxon and Armstrong, Exxon filed a third party action against Enstar, seeking to enforce the indemnity provision which it included in its contract with Enstar. Groom has never sued Enstar for damages.

Groom's case against Exxon, Armstrong and other defendants, was disposed of in 1988 wherein Groom (and his intervening workers' compensation carrier) received over Two Hundred Thousand Dollars ($200,000) in a voluntary settlement, of which Exxon paid Fifty-One Thousand Dollars ($51,000). The third party action by Exxon against Enstar was severed from Groom's case, and that third party action by Exxon for indemnity is now before this court on Enstar's motion for summary judgment.

Enstar contends Exxon settled only its share of its liability caused by its own negligence when it paid $51,000 to Groom. Enstar relies on *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex.1987) in which the Supreme Court of Texas held a tortfeasor can settle with a plaintiff only for the portion of plaintiff's damages attributable to its negligent conduct. Thus, Exxon is in effect suing to recover either all or some of the damages caused by its own negligence.

The Texas courts have dealt with this on numerous occasion recently. One party to a contract cannot be indemnified for its own negligence unless the party has expressly and unequivocally so agreed. *Ethyl Corporation v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987), and reaffirmed in *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex. 1987), and *Atlantic Richfield Co. v. Petroleum Personnel, Inc.*, 768 S.W.2d 724 (Tex. 1989).

Unfortunately for Exxon, the indemnity provision does not provide that one party shall indemnify the other for the indemnitee's own negligence, in whole or in part. The indemnity agreement is ambiguous. Being ambiguous, it must be construed against the party seeking to enforce it.

*Monsanto Co. v. Owens–Corning Fiberglas,* 764 S.W.2d 293, 296 (Tex.App.—Houston [1st Dist.] 1988, no writ). Therefore, Exxon cannot recover from Enstar under the "express negligence" test.

Exxon has fall-back positions, of course. Exxon next asserts it is entitled to a trial on percentage of negligence between Enstar and Exxon as to the $51,000 it paid Groom. This fall-back line also must fail for several reasons. First, Exxon settled only for its own negligence. Second, Groom is entitled to only one satisfaction, a position Exxon readily adopts. Third, Groom did not settle with Enstar, but as a matter of law, settled only with the parties named in the judgment and releases, all of which are before the court. Groom, in law, retained and still retains the right to pursue Enstar, but unfortunately, that right is now time-barred. Fourth, Exxon and the others released did not seek Enstar's participation, contribution, or joinder in the agreed settlement, nor even notify Enstar of the settlement of Groom's cause of action against all other defendants to occur. The fact that Exxon settled its liability to Groom, and Groom did not timely pursue Enstar rankles Exxon. Enstar *should* have paid *something,* Exxon urges; and if not then, it must do so now, and if not to Groom, then to Exxon.

Exxon therefore seeks to proceed on the second sentence of the indemnity provision, *supra.* That sentence, however, affords no solace to Exxon. Groom's case has been settled. The court cannot submit the proportionate fault of Groom, Armstrong, Exxon, and Enstar. Exxon of its own volition removed the opportunity for a fact finder to perform that task.

The second sentence of the indemnity clause is somewhat more troubling. It asserts that each party will pay for its own negligent acts in proportion to its respective contribution to the injury or death. This is generally the purpose of the Texas statutes governing tortfeasors' contributions to an aggrieved plaintiff. Texas Civil Practice and Remedies Code §§ 32.001 *et seq.* (Vernon 1986). But here a settlement was made without a trial, without participation or contribution by Enstar, and, as far as the record before the court reveals, without notice to Enstar. The agreed judgment and the releases are before the court, and Enstar was not released by name; neither was it released by operation of law. The unity of release rule was laid to rest by the Supreme Court of Texas in *McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex. 1971). Exxon cannot assert indirectly a claim that the plaintiff failed to assert for himself against Enstar.

As its final fall-back position Exxon wages its action for breach of the contract it had with Enstar. The breach of contract claims might seem to have validity, except that the parties provided for relief between themselves under this contract by including the indemnity clause. The parties clearly contemplated that personal injuries to various employees would likely occur during the construction project, and they chose to bargain for and agree to a contractual remedy. This court will not set aside what has been negotiated and contracted to by equally sophisticated parties in an arm's length transaction.

The Texas Court of Appeals has twice decided cases markedly similar to this one. *Exxon Corp. v. Roberts,* 724 S.W.2d 863, 871 (Tex.App.—San Antonio 1986, ref'd n.r. e.); *Haring v. Bay Rock,* 773 S.W.2d 676, 680 (Tex.App.—San Antonio 1989, no writ). Both cases concerned contractual agreements to perform projects in a good and workmanlike manner.

In each case, the parties contracted for these provisions. Further, in both *Roberts* and *Bay Rock* the parties included similar contractual indemnity provisions, and these provisions were held unenforceable. Likewise, the parties in the instant case negotiated terms relating to workplace safety. The court in both the *Roberts* and *Bay Rock* cases refused to allow breach of warranty of workmanlike performance claims to supplant the contracted for remedy of an indemnity provision. *Roberts* at 871; *Bay Rock* at 680. While the cited cases dealt with a warranty of workmanlike performance, the analysis is equally applicable to the facts of this case. It is evident that the

parties intended their rights were to be determined in accordance with the specific provisions of the indemnity agreement. Exxon will not be allowed to recover from Enstar the amount paid for Exxon's own negligence in unilateral settlement with the plaintiff under the present guise of a breach of contract claim. Exxon cannot claim it has been damaged by Enstar's breach of contract. Whatever damages occurred as a result of the accident (whether or not it was caused by a breach on the part of Enstar) were damages to the injured plaintiff. It is exactly this situation which the indemnity provision was designed to remedy. The parties agreed to allocate any damages Exxon suffered as a result of any breach by Enstar on the basis of the indemnity provision. Exxon simply has not been damaged; its claim for breach of contract must fail. As the *Bay Rock* court stated:

> In any event, Haring's claim that he is entitled to indemnity because Bay Rock allegedly breached its contract with Haring is insupportable. This very argument has been directly raised, and rejected, in Texas.

*Haring v. Bay Rock*, 773 S.W.2d 676 (Tex. App.—San Antonio 1989, no writ).

Exxon wishes to use its breach of contract claim as a fall-back position to its indemnity claim. The parties have negotiated and contracted for their remedy. The remedial provision fails. Exxon has settled its share of the negligence which damaged the plaintiff, and according to Texas law, that is all it has settled. It cannot now seek to be indemnified for its own share of its negligence.

It is, accordingly, ORDERED that defendant's motion for summary judgment is hereby GRANTED.