**TEXAS UTILITIES ELECTRIC COMPANY, Appellant,**

v.

**The BABCOCK & WILCOX COMPANY, INC., Appellee.**

No. 06–94–00112–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 7, 1995.

Decided Feb. 17, 1995.

Rehearing Overruled March 16, 1995.

Mark D. Strachan, Smead, Anderson, Wilcox & Dunn, Longview, for appellant.

Tom Henson, Gregory D. Smith, Ramey & Flock, Tyler, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Texas Utilities appeals from an adverse summary judgment in a contract dispute. Texas Utilities contends that the trial court erred because, as a matter of law, an indemnity provision within a contract between the parties should have been enforced against Babcock & Wilcox.

Texas Utilities purchased a number of "preheater baskets" from Babcock & Wilcox for installation in an electric generating plant. Each basket consists of numerous thin metal sheets which absorb heat from exhaust air, leaving a furnace which is then used to preheat cool air coming into the furnace. Each unit weighs several hundred pounds. Babcock & Wilcox agreed to provide technical assistance and advice regarding lifting and installation of the units. An employee of Fluor Daniel, a company hired by Texas Utilities to install the baskets, was killed when one of the baskets disengaged from the lifting cable and fell onto him. His survivors sued Fluor Daniel, Texas Utilities, and Babcock & Wilcox. The survivors settled their claim against Texas Utilities for $500,000 on October 19, 1992.

This suit was brought by Texas Utilities under the purchase contract by which it obtained the preheater baskets from Babcock & Wilcox. Texas Utilities contends that Babcock & Wilcox should indemnify Texas Utilities under the terms of that contract. Both parties filed motions for summary judgment. The trial court denied Texas Utilities' motion and granted Babcock & Wilcox's motion for summary judgment.

The only question that must be reached in this case involves the interpretation of the contract between the parties. Specifically, the issue is whether this indemnity agreement supports Texas Utilities' contention that, if both parties were concurrently negligent, Babcock & Wilcox agreed to indemnify Texas Utilities for damages. Assuming for purposes of this review of the summary judgment that both parties were concurrently negligent, we must determine whether the language of the contract expressly provides for such a recovery.

This duty was initially expressed in *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705, 708 (Tex.1987). In that case, the Supreme Court directly adopted the express negligence doctrine. This doctrine provides that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract. We now reject the clear and unequivocal test in favor of the express negligence doctrine.

The court went on to overrule three exceptions to the clear and unequivocal test and noted that common law indemnity was abrogated in Texas by the passage of the comparative negligence statute. Two months later, the Supreme Court spoke again in *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987). In that case, the court again reviewed a contract providing for indemnity for negligence. (The contract is set out in the appellate decision at 713 S.W.2d at 117).[1] The Supreme Court held that the contract did not expressly provide for the recovery of damages for concurrent negligence.

Both of these cases were referred to by the Supreme Court again in *Atlantic Richfield Co. v. Petroleum Personnel, Inc.*, 768 S.W.2d 724 (Tex.1989). The Court cited the *Singleton* decision and described it as an agreement that was unenforceable as "an implicit indemnity agreement requiring Mundy to deduce his full obligation from the sole negligence exception." *Id.* at 725. The court then reviewed the language in the contract. It provided that "[PPI] agrees to ... indemnify ... [ARCO] ... in any manner arising from the work performed hereunder, including but not limited to any negligent act or omission of [ARCO]." *Id.* at 726. The court concluded that the language in the ARCO contract did not differentiate between degrees of negligence and that the language "any negligent act of ARCO" was sufficient to define the parties' intent, and that using one of the terms such as joint, concurrent, or comparative contractual would not add to the expression of intent.

In the present case, however, the contract specifically provides recovery for sole negligence as an exception to general liability rather than providing recovery for negligence generally as provided in *ARCO*.

The final word on this issue is set out by the Supreme Court in *Fisk Electric Co. v. Constructors & Associates, Inc.*, 888 S.W.2d 813 (1994). In that case, a united court referred with approval to the *Ethyl* formulation. The *Fisk* contract provided that "[t]o the fullest extent permitted by law, [Fisk] shall indemnify, hold harmless, and defend [Constructors] ... from and against all claims, damages, losses, and expenses," arising out of or resulting from the performance of Fisk's work. The court reiterated the precept that a party seeking to indemnify itself for its own negligence must express that intent in specific terms and that indemnity provisions that do not state the intent of the parties within the four corners of the instrument are unenforceable as a matter of law. *Id.*, at 814; *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex. 1987). The court concluded by stating that "[w]ithout an express reference in the indemnification provision to claims based upon negligence, there is no indemnity for defense costs incurred in connection with a negligence claim irrespective of whether the claim is ultimately proved."

The contract in the present case contains two paragraphs that refer to indemnification. The first paragraph provides that the Company (Babcock & Wilcox) agrees to indemnify Texas Utilities for claims against Texas Utilities for damages arising from

> personal injury or death or damage to property of Company's [Babcock's] agents, servants and employees, as well as the agents, servants, and employees of Company's [Babcock's] subcontractor, whether or not arising from sole or concurrent negligence or fault of Purchaser [Texas Utilities].

This paragraph specifically provides indemnity to Texas Utilities in the case of sole or concurrent negligence causing damages to employees or agents of Babcock & Wilcox or a subcontractor of Babcock & Wilcox. This case does not involve injury or death of anyone working for Babcock & Wilson or its subcontractor.

The second indemnity paragraph provides that the Company [Babcock & Wilcox]

> shall defend ... indemnify ... Purchaser [TU] and its ... agents ... from and against any and all claims ... of every

1. *Singleton v. Crown Central Petroleum Corp.*, 713 S.W.2d 115 (Tex.App.–Houston [1st Dist.] 1985), *rev'd* 729 S.W.2d 690 (Tex.1987).

kind and character whatsoever arising in favor of any person or entity (other than the agents, servants, and employees or Company [Babcock] or of Company's subcontractor, as provided in the paragraph immediately above), including . . . claims . . . on account of personal injuries or death, or damage to property arising out of or incident to the work performed hereunder. . . . with the only exception being that, as to claims arising in favor of persons or entities other than for injury, death, or damage to the agents, servants, and employees of Company [Babcock] or Company's subcontractor, Purchaser [TU] shall not be entitled to indemnification for claims, demands, expenses, judgments, and causes of action resulting from Purchaser's [TU] sole negligence.

This paragraph specifically and expressly states that the company of Babcock & Wilcox is not liable for damages to other persons caused by Texas Utilities' sole negligence. It does not contain language expressly stating that the Babcock & Wilcox company agrees to indemnify Texas Utilities for damages incurred by Texas Utilities if it was concurrently negligent with Babcock & Wilcox.

Texas Utilities also suggests that the paragraphs should be read together in order to provide the true intent of the parties. We disagree. The first and second paragraphs clearly stand alone both substantively and grammatically. The paragraphs provide for a different level of protection to Texas Utilities for acts causing damage to differently defined groups of individuals. We decline Texas Utilities' invitation to read the two paragraphs in such a fashion as to import language from the first paragraph into the second.

The trial court correctly interpreted the contract. The judgment of the trial court is affirmed.