GULF COAST MASONRY,
INC., Petitioner,

v.

OWENS–ILLINOIS, INC., Respondent.

No. C–6159.

Supreme Court of Texas.

April 29, 1987.

Rehearing Denied Nov. 25, 1987.

Fred D. Raschke, Mills, Shirley, McMicken & Eckel, Galveston, for petitioner.

Lawrence L. Germer, Charles K. Kebodeaux, Orgain, Bell & Tucker, Beaumont, for respondent.

PER CURIAM.

The primary issue in this personal injury action is the interpretation of an indemnity contract. Gulf Coast Masonry, Inc., contracted to perform repairs at the Owens-Illinois, Inc. plant. A Gulf Coast employee was injured on the job and filed suit against Owens. Owens brought a third-party action against Gulf Coast seeking contractual indemnity. Gulf Coast's motion for summary judgment was granted by the trial court on the basis that the indemnity provision was unenforceable as a matter of law. The court of appeals reversed. 722 S.W.2d 465. That court held that the indemnity language was sufficient to meet the requirements of the "clear and unequivocal" rule set forth in *Fireman's Fund Ins. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818, 822 (Tex.1973). Subsequent to the court of appeals opinion, this court adopted the express negligence doctrine and held that the intent of the parties must be specifically stated within the four corners of the instrument in order for an indemnity contract to be enforcable. *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987).

The contract in question provides:

Contractor [Gulf Coast] agrees to indemnify and save owner [Owens-Illinois] harmless from any and all loss sustained by owner by reason of damage to owner's property or operations, and from any liability or expense on account of property damage or personal injury (including death resulted therefrom) sustained or alleged to have been sustained by any person or persons, including but not limited to employees of owner, contractor and subcontractors, arising out of or in any way connected with or attributable to the performance or non-performance of work here under by contractor, its subcontractor(s) and their respective employees and agents, or by any act or omission of contractor, its subcontractor(s), and their respective employees and agents while on owner's premises, or by

defects in material or equipment furnished hereunder ...

Because the judgment of the court of appeals conflicts with a decision of this court, we grant the petitioner's application for writ of error. Pursuant to Tex.R.App. P. 133(b), without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court.