David C. PATCH and Mary Jo Patch, Plaintiffs,

v.

AMOCO OIL COMPANY, et al., Defendants.

AMOCO OIL COMPANY, Third Party Plaintiff–Appellant,

v.

CHEMLIME CORPORATION, Third Party Defendant–Appellee.

No. 87–6098.

United States Court of Appeals, Fifth Circuit.

May 23, 1988.

Rehearing Denied June 23, 1988.

Fred Wahrlich, Richard A. Schwartz, Thelen, Marrin, Johnson & Bridges, Houston, Tex., for third party plaintiff-appellant.

Robert H. Bateman, Hirsch, Glover Robinson & Sheiness, Houston, Tex., for third party defendant-appellee.

Before REAVLEY, KING and SMITH, Circuit Judges.

REAVLEY, Circuit Judge:

Amoco Oil Company suffered a summary judgment dismissal of its indemnity claim against Chemlime Corporation when the district court ruled that the indemnity agreement, under which Chemlime is indemnitor and Amoco is indemnitee, did not satisfy the express negligence requirement under Texas law. That order became appealable by the entry of a Rule 54(b) certificate. Because, under any theory of the indemnity agreement's effect, Amoco's right of indemnity cannot be resolved at this stage, the summary judgment must be reversed. Until Amoco's culpability for the plaintiff's injury is resolved, we cannot know what effect the controversy over the construction of the indemnity agreement will have on the final judgment. We decline to decide what may be only an academic question.

David Patch, an employee of Chemlime, was injured while unloading an order of lime at an Amoco refinery. Patch brought suit against Amoco, and Amoco filed a third-party action against Chemline on an indemnity provision in the purchase order between them. The indemnity provision reads:

> Seller [Chemline] agrees to indemnify and save Buyer [Amoco] harmless from any loss, damage or liability for injuries (including death) to the property or persons of any one, including Seller and Buyer, their agents and employees and customers, arising out of or in connection with the services and merchandise covered by this order and/or Seller's performance hereunder whether caused by negligence of either party or by breach of warranty, excepting only injuries caused by the sole negligence of the Buyer.

The controversy here is over the effect of the agreement if Amoco and Chemlime are jointly negligent. Clearly, by its terms there would be indemnity if Amoco were not negligent and no indemnity if Amoco were solely negligent. While Amoco would suffer no liability to Patch if absolved from fault, it would have incurred its loss of the expenses of its defense. In that event, something yet to be determined, Amoco would find its recovery blocked by the summary judgment on its third party claim.

We read Texas law to entitle the indemnitee to recover costs of litigation, including attorney's fees, under the assumed resolution of no indemnitee negligence. It is not required that the indemnity agreement expressly stipulate that these costs are to be indemnified. They are loss arising out of or in connection with Chemlime's services and merchandise from which Amoco is to be saved harmless. *Fisher Construction Co. v. Riggs*, 320 S.W.2d 200, 211 (Tex.Civ.App.—Houston), *rev'd on other grounds*, 160 Tex. 23, 325 S.W.2d 126 (1959); *see also Keystone Equity Management v. Thoen*, 730 S.W.2d 339, 340 (Tex. App.—Dallas 1987). Interpreting an indemnity provision that promised to "protect, indemnify and save the [indemnitee] harmless against any and all claims, demands and causes of action," the court in *Fisher* emphasized that "[u]nless the indemnity agreement in question covers reasonable attorney's fees and expenses of defending the cause of action, Fisher would not be fully protected, indemnified, and saved harmless." *Fisher*, 320 S.W.2d at 210, 211. Similarly, if Amoco were to incur attorney's fees defending a suit by Patch in which Chemlime, but not Amoco, was found negligent, Amoco would not be fully indemnified and saved harmless from any loss, damage, or liability unless Chemlime reimbursed Amoco for its costs and attorney's fees.

Chemlime argues that *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987), supports its contention that un-

der Texas law an indemnity agreement must expressly specify coverage of attorney's fees in order for these costs to be recovered. We find nothing in the reasoning or holding of *Ethyl* which bears on this issue or indicates that the holding in *Fisher* is not good Texas law. In *Ethyl*, the court adopted a test limited to those situations in which an indemnitee seeks indemnification for its own sole or concurrent negligence; it did not devise a new standard under which all language of all indemnity agreements is to be scrutinized. Chemlime also cites *Adams v. Spring Valley Construction Co.*, 728 S.W.2d 412 (Tex.App.—Dallas 1987). While that court granted a summary judgment in favor of the indemnitor, it does not address, and apparently overlooked, as did the district court in the present case, the effect of the indemnity agreement in the event the indemnitee should be absolved of negligence. Again, we do not regard this case as justifying the rejection of the decision in *Fisher*.

REVERSED and REMANDED.