The STATE of Texas, DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,

v.

REYNOLDS–LAND, INC., Appellee.

No. 12–88–00017–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1988.

Rick J. Kennon, Austin, for appellant.

James J. Zeleskey, Lufkin, for appellee.

COLLEY, Justice.

This is a summary judgment case involving a written indemnity agreement between plaintiff/appellant State Department of Highways and Public Transportation (Department) and defendant/appellee Reynolds–Land, Inc. (Reynolds–Land). The trial court granted a take-nothing summary judgment against the Department on its indemnity claim against Reynolds–Land. We affirm.

On May 20, 1978, Grover Hicks, an employee of Reynolds–Land, was injured in the course and scope of his employment. Hicks filed a workers' compensation claim

and at the time of trial had been paid benefits by Texas Employers' Insurance Association (TEIA) exceeding $30,000.

On May 15, 1980, Hicks filed his amended petition in this suit seeking damages against Reklaw Natural Gas System (Gas System), the City of Reklaw (City), and the Department, predicated on the defendants' negligent conduct. TEIA intervened in the suit claiming its right of subrogation under former Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (hereinafter referred to as section 6a).[1]

On April 21, 1982, the Department, with leave of court, filed a third-party action against Reynolds–Land for indemnity pursuant to an agreement executed by the Department and Reynolds–Land prior to Hicks' injury. On June 24, 1985, a judgment, based in part on the agreement of Hicks, TEIA, and the Department to settle and compromise all disputed matters in the suit between them, was signed by the trial judge. That judgment decreed in part that Hicks recover from the Gas System and City the sum of $20,000; that he recover from the Department the sum of $5,000; and that TEIA recover from the Department the sum of $25,000 "which represents the amount previously paid for the Worker's Compensation claim of [Hicks]." By the terms of the judgment the Department's third-party action against Reynolds–Land was severed and left pending.

On October 18, 1984, Reynolds–Land filed a motion for a take-nothing summary judgment against the Department alleging that as the plaintiff had averred in its third-party petition, that a contract existed between it and the Department that contained the following provision:

The contractor [Reynolds–Land] shall save harmless the [Department] from all suits, actions or claims brought on account of any injuries or damages sustained by any person or property in consequence of any neglect in safeguarding

the work by ... [Reynolds–Land]; or from any claims or amounts arising or recovered under the "Workmens' Compensation Laws" or any other laws.

Reynolds–Land further alleges in its summary judgment motion that indemnity is provided to the Department "only for [Reynolds–Land's] negligence" and does not provide indemnity against damages or claims resulting from the Department's own negligence. In addition, the motion recites that "[i]f [Reynolds–Land] were found to be the only negligent party, [Hicks] would recover nothing and third party plaintiff [Department] would be entitled to no indemnity from third party defendant [Reynolds–Land]."

The Department, by its amended response to the summary judgment motion, limits its indemnity claim to the $25,000 paid to TEIA. It alleges that the sum was paid "pursuant to TEIA's subrogation interest from its payment of workers' compensation benefits to [Hicks]." It also states that Reynolds–Land's allegations that before the Department is entitled to indemnity it must establish Reynolds–Land's negligence is "unfounded." [2]

In its brief the Department presents a single point of error, alleging in the broadest of terms: "The trial court erred in granting Third–Party Defendant Reynolds–Land's Motion for Summary Judgment against [the Department] in ruling that as a matter of law, the [Department] was not entitled to indemnification from Reynolds–Land pursuant to the terms of the contract." Under this point, as we understand it from consideration of the Department's arguments, the Department contends that the second clause of the indemnity,[3] reading "or from any claims or amounts arising or recovered under the 'Workmens' Compensation Laws' or any other laws," (1) "clearly provides for indemnification to the [Department] from Reynolds–Land for any

---

1. Act of May 15, 1973, ch. 88, § 10, 1973 Tex. Gen.Laws 193–194, amended by act of June 8, 1985, ch. 326, § 1, 1985 Tex.Gen.Laws 1387–1388.

2. It is thus clear that the Department did not oppose the summary judgment on the ground of Reynolds–Land's negligence.

3. The paragraph is the identical paragraph earlier quoted in this opinion.

amounts paid by the [Department] pursuant to the Workers' Compensation Laws" and (2) entitles the Department to indemnification for that amount paid to compromise and settle Hicks' common-law negligence suit against the Department. In that regard the Department claims the language of the clause meets the test of the express negligence doctrine recently adopted in *Ethyl Corp. v. Daniel Const. Co.*, 725 S.W.2d 705, 708 (Tex.1987), because "[t]he indemnity provision in question would be superfluous and without any effect or meaning if it does not cover ... a negligence claim against the [Department]." In other words, the Department contends that since it is undisputed that the subrogation rights of TEIA were created by section 6a of the Workers' Compensation Act, its payment of $25,000 to TEIA in satisfaction of the subrogation rights amounts to a claim against the Department "arising or recovered under the 'workmen's compensation laws'" squarely within the scope and meaning of the indemnity provision; the Department also claims that under the undisputed facts and circumstances, the language of the indemnity clause satisfies the requirements of the express negligence doctrine.

In response, Reynolds–Land points out that the monies paid by the Department to TEIA were paid to settle Hicks' common-law negligence suit against the Department, and that suit and the claims therein made by Hicks did not arise from the Texas Workers' Compensation Act. Reynolds–Land asserts that the Department seeks indemnity in this case for the consequences of its own negligence based on a contractual provision that simply cannot be construed as effective for that purpose under the express negligence doctrine adopted by the opinion in *Ethyl*.

■ There is no doubt that TEIA's right to subrogation is both created and limited by section 6a. The section provides that if a worker who has recovered bene-

fits under the Workmens' Compensation Act [4] for an injury

caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof ... then the [compensation insurance carrier] shall be subrogated to the rights of the injured [worker], and may enforce in the name of the injured [worker] ... the liability of said other person, and in case the recovery is for a sum greater than that paid ... by the [carrier] to the [worker] ... then out of the sum so recovered, the [carrier] shall reimburse itself ... and the excess so recovered shall be paid to the injured [worker]....

Act of May 15, 1973, ch. 88, § 10, 1973 Tex.Gen.Laws 193–194.

In this case the Department was sued by Hicks. Hicks alleged that the Department's negligence proximately caused his injury and resulting damages. The outcome of that suit depended upon the existence or nonexistence of the Department's negligence on the occasion in question. The Department chose to settle and compromise Hicks' suit against it "both as to liability and the amount thereof" without "an admission of liability." In fact, the Department by the terms of the written agreement "expressly denied" any liability to Hicks. Clearly the payments by the Department of $5,000 to Hicks and $25,000 to TEIA were made by the Department, as the "compromise settlement agreement" recites, "to compromise [Hicks'] doubtful and disputed claims [of Department's negligence], avoid litigation, and buy peace." Thus, while it is correct to say that TEIA recovered the $25,000 under the provisions of section 6a, the Department's ultimate obligation would have rested solely on a finding by the trier of the fact that the Department's negligence proximately caused Hicks' damages. The settlement by the parties did not transform the payment from a payment on account of the Department's negligence to a claim paid by it under the Workers' Compensation Act as

**4.** Changed to "workers' compensation" in 1977. See Tex.Rev.Civ.Stat.Ann. art. 8306b, § 1 (Vernon Supp.1988).

the Department contends. In addition, the language of the indemnity clause lacks the specificity required by the express negligence doctrine. *Ethyl*, 725 S.W.2d at 708. The point of error is overruled. The trial court did not err in granting the summary judgment against the Department, and that judgment is AFFIRMED.