**PAYNE & KELLER, INC., Petitioner,**

v.

**P.P.G. INDUSTRIES, INC., Respondent.**

**No. C–8711.**

Supreme Court of Texas.

June 20, 1990.

Rehearing Overruled Sept. 6, 1990.

Charles W. Hurd, III, Ben Taylor, Houston, for petitioner.

Douglas W. Poole, Otto Hewitt, III, Kenneth J. Bower, Galveston, for respondent.

## OPINION

COOK, Justice.

■ At issue is whether a sole negligence exception in an indemnity contract is triggered when the indemnitee's negligence is the only negligence found to have been a proximate cause of the occurrence in question. Respondent P.P.G. Industries, Inc. filed a third-party indemnity claim against petitioner Payne & Keller, Inc. The trial court denied P.P.G. such indemnity, but the court of appeals reversed that judgment. We reverse the judgment of the court of appeals and affirm that of the trial court.

Pursuant to its contract for maintenance work at P.P.G.'s chemical plant, Payne & Keller had its foreman Daniel Leitten working near a pipe carrying the lethal chemical phosgene. Leitten was killed when he bumped the valve on the phosgene line and the chemical sprayed out onto him. In response to a negligence action by Leitten's wife and parents against it, P.P.G. filed a third-party claim against Payne & Keller, based on the indemnity provisions of the parties' contract. Trial was to a jury, which found that P.P.G. was negligent in permitting Leitten to work on the job in question at an unsafe time, in failing to issue a safe work permit to Leitten, and in failing to tell Leitten to stop the job he was doing at the time he was observed working in the area of the quick release valve. The jury found proximate cause as to each of the above particulars. The jury found further that Leitten was negligent in "tying in without a safe work permit," but that this negligence was not a proximate cause of the accident. No other jury questions as to Payne & Keller's negligence were submitted. The trial court awarded the plaintiffs $2,171,000 from P.P.G., and held that P.P.G. was not entitled to indemnity from Payne & Keller. P.P.G. and the plaintiffs settled and P.P.G.'s appeal was severed as to them, leaving only the indemnity issue on appeal.

By its terms, the Payne & Keller/P.P.G. contract required Payne & Keller to indemnify P.P.G. for work-related claims "arising out of ... the acts or omissions ... of [Payne & Keller] or its ... employees ... in the performance of the work ... irrespective of whether [P.P.G.] was concurrently negligent ... but excepting where the injury or death ... was caused by the sole negligence of [P.P.G.]." The trial court rendered judgment that P.P.G. take nothing, stating that there was "no finding that there was concurrent negligence that was a proximate cause of the occurrence." The court of appeals reversed and rendered, holding simply that a finding of proximate cause is not a prerequisite to liability for indemnity.

In *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987), this court held that parties seeking to indemnify an indemnitee from the consequences of its own negligence must express that intent in specific terms within the four corners of the contract. In *Ethyl* we held an indemnity contract between a construction project owner and a contractor to be unenforceable because it did not specifically state that the contractor would indemnify the owner for the owner's own negligence.

Since *Ethyl* this court has ruled on the enforceability of indemnity provisions on three occasions. In *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987) and *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex. 1987), this court held that indemnity agreements failed to satisfy the express negligence rule because the agreements did not specifically state that the indemnitor was obligated to indemnify the indemnitee for the indemnitee's own negligence.

In *Atlantic Richfield Co. v. Petroleum Personnel, Inc.*, 768 S.W.2d 724 (Tex.1989), this court held that the indemnity provision satisfied the requirements of the express

negligence rule. The contract specified that Petroleum Personnel (PPI) would indemnify Atlantic Richfield (ARCO) for all claims arising out of PPI's work, "including but not limited to any negligent act or omission of [ARCO]...." While the language of the indemnity provision did not differentiate between degrees of negligence, the aforementioned language was sufficient to define the parties' intent.

The indemnity agreement in the instant case expressly provides for Payne & Keller to indemnify P.P.G. even if P.P.G. is concurrently negligent. The parties clearly expressed their intent that P.P.G. be indemnified for its own concurrent negligence. The indemnity provision satisfies the express negligence rule of *Ethyl.*

The one exception to Payne & Keller's obligation was that it would not be liable for indemnity if P.P.G. were solely negligent. By the jury's findings, P.P.G.'s negligence was found to have been a proximate cause of the accident and Leitten's (Payne & Keller's) negligence was found not to have been a proximate cause.

 In order for a finding of negligence to have any effect, proximate cause must also be found. *McKinley v. Stripling*, 763 S.W.2d 407, 409 (Tex.1989). Since the jury did not find proximate cause as to Payne & Keller's employee, there is no concurrent negligence in this case as a matter of law. *See Robert R. Walker, Inc. v. Burgdorf*, 150 Tex. 603, 608, 244 S.W.2d 506, 508 (1952) ("concurrent negligence" exists where the acts of two different persons "have concurred to produce injuries for which both are responsible").

The jury's findings of negligence and proximate cause against P.P.G., but no one else, make this a case of sole negligence. The sole negligence exception in the indemnity agreement is thus triggered, and Payne & Keller was not required to indemnify.

The court of appeals relied on *Lone Star Indus. v. Atchison, Topeka & Santa Fe Ry. Co.*, 666 S.W.2d 376 (Tex.App.—Beau-mont 1984, writ ref'd n.r.e.). In that case, a railroad brakeman was killed and his widow sued Santa Fe Railway under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1986). Santa Fe filed a cross-action against Lone Star, the owner of the track in question, seeking contractual indemnity. The jury found that Santa Fe failed to provide the brakeman a safe place to work and that this caused his death, in whole or in part. (In an FELA case, a plaintiff is only required to prove that the employer's negligence caused, in whole or in part, however slight, the injury or death for which damages are sought. *Id.; Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 505, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957).) The jury found further that Lone Star failed to keep the area adjacent to the track entirely clear of obstructions. The jury failed to find, however, that this failure was a proximate cause of the brakeman's death.

In the indemnity agreement in *Lone Star*, Lone Star agreed to indemnify Santa Fe for loss from any act or omission of Lone Star, except if the loss resulted from the sole negligence of Santa Fe. The agreement provided further, however, that the sole negligence exception "shall not apply to liability of [Santa Fe] arising under or claimed to arise under the [FELA]...." Finally, Lone Star agreed in the indemnity contract to keep the tracks clear of obstructions and to indemnify Santa Fe against liability for injury arising from any breach of this obligation.

The court of appeals in *Lone Star* held that the absence of a proximate cause finding as to Lone Star's acts did not absolve Lone Star from its liability for indemnity because Lone Star breached its express contractual duty to keep the tracks clear of obstructions, with the result that Santa Fe was sued under the FELA. Because an act or omission of Lone Star was found to have made the workplace unsafe, Lone Star was held to have breached its agreement, making the provisions of the indemnity agreement operative.

By contrast, the sole negligence exception in the Payne & Keller/P.P.G. contract provides simply that Payne & Keller is not obligated to indemnify if P.P.G. is solely negligent. The jury's findings of negligence and proximate cause against P.P.G., and against no other party, make this a case of sole negligence.

P.P.G. argues that this is a contract construction case and that common law negligence principles—such as the requirement that proximate cause be found in order to give meaning to a negligence finding—do not apply. P.P.G. contends that this is simply a case of two professionals carefully choosing language for the contract between them, and that in such situations the courts have long given the parties freedom to contract as they choose. P.P.G. declares that if indemnity is to be limited to situations in which Payne & Keller's acts proximately cause an accident, the contract should so provide.

The parties here were indeed free to contract as they desired. And they did so: they agreed that Payne & Keller would not be liable for indemnity if P.P.G. were solely negligent. P.P.G. was solely negligent because it was the only party found to have proximately caused the accident.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.