CHAMPLIN PETROLEUM
COMPANY, Appellant,

v.

GOLDSTON CORPORATION, Appellee.

No. 13–89–489–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 4, 1990.

William R. Kendall, Jr., Reno, Nev. and J. Michael Mahaffey, Corpus Christi, for appellant.

Amy E. Harren and Ray Alexander, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

Champlin contests a judgment denying its claim for contractual indemnity against Goldston. By point one, Champlin asserts that the trial court erred, pointing out that Goldston failed to plead and prove that Champlin was negligent. By point two, Champlin states that no evidence shows it was negligent. The question raised concerns the burden of proof when the indemnity clause does not meet the express negligence rule and the indemnitee settles (with a plaintiff the clause covers) without a finding that the indemnitee was negligent. Goldston, the indemnitor under the clause in this case, contends that Champlin had to show it was not solely negligent to collect under the terms of the indemnity agreement, and Champlin argues Goldston had to prove Champlin negligent.

Goldston employee Ronald Dean Baker filed suit against Champlin, alleging that he was injured due to Champlin's negligence while working at the Champlin refinery under a maintenance contract between Champlin and Goldston. Champlin filed an indemnity action against Goldston in the suit, then settled with Baker for $38,900. Baker dismissed his action against Champlin, leaving the indemnity claim for trial. After a bench trial on stipulated facts, the trial court entered a take-nothing judgment against Champlin. We reverse the trial court's judgment.

The trial court filed findings of fact and conclusions of law. It found that Champlin settled Baker's personal injury negligence action for $38,900, that Champlin had a potential for liability to Baker, and that the settlement was reasonable. It also found that Champlin had filed a third-party action against Goldston for indemnity and determined that the reasonable and necessary attorney's fees were $16,526.25 plus amounts for appeal. It concluded that the indemnity clause does not meet the

express negligence rule as announced in *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987) and its progeny, including *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987) and (accordingly) that Champlin is not entitled to indemnity from Goldston as a matter of law.

The contract language is:

As between Contractor (Goldston) and Owner (Champlin), Contractor shall be solely liable for, and shall indemnify and hold Owner harmless from, and defend against, liability for, injury to, or death of any person, or damage to or destruction of any property, including the Work and other property of Owner, arising out of the performance of the Work unless it is due to Owner's sole negligence.

Champlin relies on having obtained findings that it had a potential for liability and that its settlement is reasonable, which is the indemnitee's burden. *See Aerospatiale Helicopter Corp. v. Universal Health Servs., Inc.*, 778 S.W.2d 492, 500 (Tex.App.—Dallas 1989, writ denied); *Delta Drilling Co. v. Cruz*, 707 S.W.2d 660, 668 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Goldston relied on the indemnity clause not meeting the express negligence test. On appeal, Goldston advances public policy grounds in support of its position that the burden of showing that the indemnitee was negligent should not lie with the indemnitor. We find that the law is clearly established, and decline to overturn it on the public policy grounds Goldston advances.[1]

Champlin does not contend that the clause meets the express negligence rule. Rather, it contends that the application of the express negligence rule to the indemnity provision is inapplicable to preclude indemnity because it is solely directed at determining whether one will be entitled to indemnity *if* one is negligent. Since Champlin has never been found negligent and since the stipulated facts do not establish or support a finding of its negligence, Champlin contends that the rule never comes into play and does not preclude Champlin from recovering its indemnity claim. The application of the express negligence rule to the indemnity provision is inapplicable to preclude indemnity because it is solely directed at determining whether one will be entitled to indemnity *if* one is negligent.

We find *Copeland Well Service, Inc. v. Shell Oil Co.*, 528 S.W.2d 317, 320 (Tex.Civ. App.—Tyler 1975, writ dism'd) on point. A Copeland employee was electrocuted on a job for Shell. Shell settled with the deceased's representatives and sued Copeland for reimbursement of the settlement amount, attorney's fees, and costs under the indemnity clause in their contract. Copeland failed to obtain a finding that Shell was negligent. The appellate court upheld a judgment for Shell, reasoning:

Having failed to obtain a finding or to conclusively establish that Shell was negligent, appellant is in no position to contend that the indemnity agreement is unenforceable on the grounds that the same did not unequivocally state that the indemnitee (Shell) was to be protected from its own negligence. In the absence of a finding of negligence on the part of Shell, the validity of the indemnity agreement never came into play. Consequently, we do not reach the question of whether the indemnity agreement was sufficient to protect Shell against its own negligence.

Although we now have the express negligence test instead of the "clear and unequivocal" test, *see Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 708 (Tex. 1987), our analysis concerning when to apply the test is the same. *See Construction Invs. & Consultants v. Dresser Inds., Inc.*, 776 S.W.2d 790, 792 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Continental*

---

1. Goldston also argues that a construction placing the burden of proof as to the indemnitee's negligence on the indemnitor directly contradicts the Supreme Court's opinion in *Gulf Coast Masonry v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex.1987). We disagree. The Court in *Gulf*

*Coast Masonry* simply found the agreement there did not meet the express negligence test and that the court of appeals had erroneously applied the "clear and unequivocal" test. No other issue was decided in *Gulf Coast Masonry*.

*Steel Co. v. H.A. Lott, Inc.*, 772 S.W.2d 513, 516 (Tex.App.—Dallas 1989, writ denied). When there is an exclusion for the indemnitee's negligence, it is then the indemnitor's burden to establish the indemnitee's negligence to avoid the duty to indemnify. *See Lott,* 772 S.W.2d at 515.

■ By its reply point three, Goldston attacks the contract on which Champlin relies contending that it is void under the Texas anti-indemnity statute, Tex.Civ.Prac. & Rem.Code Ann. §§ 127.001–127.008 (Vernon 1989). It argues that the contract covered cleaning and maintenance of part of a petrochemical refining system, which it further contends is within "well or mine services" as defined and covered in the statute. The statute voids agreements to indemnify for the indemnitee's sole or concurrent negligence when such agreements are contained in, collateral to, or affect an agreement pertaining to a well for oil, gas, or to a mine for a mineral. The record in the trial court does not reveal that any matters pertaining to this argument were ever pleaded, developed, or argued to the trial court. This argument is raised for the first time on appeal.

Matters not presented to the trial court in pleadings, written motions, answers, or other responses cannot be considered on the appeal of a trial court judgment. *See State v. J.M. Huber Corp.*, 199 S.W.2d 501, 502 (Tex.1947); *Smith v. United States Nat. Bank,* 767 S.W.2d 820, 823 (Tex.App. —Texarkana 1989, writ denied). We cannot properly render judgment on the basis of an affirmative defense which was not urged in the trial court. *See Neeley v. Southwestern Inv. Co.,* 430 S.W.2d 465, 469 (Tex.1968); *Smith,* 767 S.W.2d at 823; *Johnson v. J. Hiram Moore, Ltd.,* 763 S.W.2d 496, 500 (Tex.App.—Austin 1988, writ denied).

We sustain Champlin's points one and two, REVERSE the trial court's judgment, and RENDER judgment for Champlin in the amount of $56,406.25, which includes $38,900 for the settlement, $16,256.25 attorney's fees and costs through trial, and $1,250 for the successful appeal, plus post-judgment interest.