Richard D. Harrell, Law Office of Richard D. Harrell, San Antonio, for appellant.

Robert A. Valdez, John D. Wennermark, San Antonio, for appellees.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

R.B. TRACTORS, INC., Appellant,

v.

Rodney K. MANN and R.S. Mann Plumbing, Inc., Appellees.

No. 04–88–00401–CV.

Court of Appeals of Texas, San Antonio.

Dec. 12, 1990.

## OPINION

BIERY, Justice.

The opinion of this court delivered September 27, 1989 is withdrawn and this opinion is substituted.

By written contract, R.B. Tractors, Inc. ("Tractors") leased a piece of its trenching equipment and its trailer to Rodney K. Mann and R.S. Mann Plumbing, Inc. ("Mann"). During the time Mann had the equipment in its possession, the equipment fell off the trailer and sustained approximately $13,000 in damage. Tractors sued Mann, alleging that Mann breached the lease contract and that Mann had agreed to indemnify Tractors for any damage to the equipment arising from "any cause whatsoever." Mann pled that Tractors was negligent in the way in which Tractors fastened its equipment onto its trailer.

The jury returned a verdict in which it found that Mann, the indemnitor, was not negligent, that damage to the equipment amounted to $12,900.00 and that Tractor's reasonable attorney fees were $0.00. Based on the verdict, the trial court rendered a take-nothing judgment. We reverse and remand.

Tractors brings three points of error: 1) even with a finding of no negligence on the

part of Mann, Tractors is entitled to recover from Mann, as a matter of law, under the terms of the indemnity clause in the lease contract; 2) the jury finding of no attorney fees for Tractors' attorney is against the great weight and preponderance of the evidence; and 3) jury misconduct occurred because of the discussion of insurance during jury deliberations.

In its first point of error, Tractors, the indemnitee, contends that the indemnitor Mann is liable for the damages to the equipment, even if Mann was not negligent, because of the following contractual language:

> The LESSEE [Mann] agrees to pay LESSOR [Tractors] for all losses and damages to the equipment arising from any cause whatsoever that may occur during the life of the lease.

In *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705 (Tex.1987), the Texas Supreme Court adopted the express negligence doctrine. The doctrine provides that parties seeking to indemnify the indemnitee from the consequences of the indemnitee's own negligence must express that intent in specific terms. *Id.* at 708. The intent of the parties must be specifically stated within the four corners of the contract. *Id.* It is undisputed that the indemnity language in the contract before us does not comply with the express negligence doctrine. Therefore, the indemnitee Tractors can recover only if Tractors was not negligent. Mann pled that Tractors was negligent but did not obtain a jury issue inquiring about the negligence of Tractors. Thus, the ultimate issue before us is: which of the parties to the contract, Mann (the indemnitor) or Tractors (the indemnitee), had the burden of establishing the negligence or lack of negligence of the indemnitee, Tractors.

Although this issue has been specifically addressed by the intermediate appellate courts in both pre-*Ethyl* and post-*Ethyl* cases, there are conflicts among those decisions and the issue has not been squarely presented to our supreme court. Those cases which have held that the indemnitee's negligence is an affirmative defense that must be pled and proven by the indemnitor include the pre-*Ethyl* cases of *Delta Eng'g Corp. v. Warren Petroleum, Inc.*, 668 S.W.2d 770, 773 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Copeland Well Service, Inc. v. Shell Oil Co.*, 528 S.W.2d 317, 320 (Tex.Civ.App.—Tyler 1975, writ dism'd w.o.j.) and *Barnes v. Lone Star Steel*, 642 F.2d 993 (5th Cir.1981). The post-*Ethyl* cases which have held that the indemnitee's negligence is an affirmative defense that must be pled and proven by the indemnitor are *Continental Steel Co. v. H.A. Lott, Inc.*, 772 S.W.2d 513, 515 (Tex.App.—Dallas 1989, writ denied) and *Kirby Forest Indus., Inc. v. Dobbs*, 743 S.W.2d 348, 354 (Tex.App.—Beaumont 1987, writ denied). On the other hand, another post-*Ethyl* case has held that "the express negligence test is a rule of contract construction, *not* an affirmative defense." (emphasis added) *Monsanto Co. v. Owens–Corning Fiberglas Corp.*, 764 S.W.2d 293, 296 (Tex.App.—Houston [1st Dist.] 1988, no writ).

The fact that *Delta* and *Copeland* predate *Ethyl* is arguably significant because language in *Ethyl* indicates that prior decisions concerning an indemnitor's burden in showing indemnitee's negligence may no longer be dispositive. Although the *Continental Steel Co.* decision sought to limit the effect of *Ethyl* on prior case law, 772 S.W.2d at 516, the language of our supreme court in *Ethyl* may indicate otherwise. After discussing *Barnes v. Lone Star Steel Co.*, 642 F.2d 993 (5th Cir.1981), which held that an indemnitor must show damage caused by negligence of the indemnitee, the *Ethyl* court said, "[O]ur adoption of the express negligence test necessarily rejects the reasoning of *Barnes*." *Ethyl Corp.*, 725 S.W.2d at 707.

Although the *Ethyl* decision provided an express rule regarding indemnity agreements, the application thereof has resulted in a multitude of interpretations. *See e.g.* the majority, concurring and dissenting

opinions in *Construction Invs. and Consultants, Inc. v. Dresser, Inc.*, 776 S.W.2d 790 (Tex.App.—Houston [1st Dist.] 1989, writ denied). In one post-*Ethyl* case where the indemnitee brought an action for reimbursement of settlement expenses, the appellate court noted that the indemnitor properly raised the indemnitee's fault, and characterized it as an affirmative defense. *Aerospatiale Helicopter Corp. v. Universal Health Services, Inc.*, 778 S.W.2d 492, 496 (Tex.App.—Dallas 1989, writ denied). The *Aerospatiale* decision however, seems to run counter to *Department of Highways v. Reynolds–Land, Inc.*, 757 S.W.2d 868 (Tex.App.—Tyler 1988, no writ), another post-*Ethyl* case in which a settling indemnitee was denied reimbursement. In *Reynolds–Land*, there was no finding that the indemnitor had the burden of showing indemnitee's negligence. The indemnitee's settlement of a negligence claim was sufficient to preclude indemnity under the contract which did not meet the express negligence test.

Another analysis of *Ethyl* could be made that the express negligence rule is neither one of contract construction nor affirmative defense. Under this analysis, the *Ethyl* rule is not one of contract construction because the contract has already been construed to the effect that it provides indemnity if the indemnitee was not negligent and does not provide indemnity if the indemnitee was negligent. Further, as arguably suggested in *Ethyl*, the express negligence rule is not simply an affirmative defense. It is not an affirmative defense, as contributory negligence would be in other contexts, because the indemnitor does not concede the enforceability of the contract and seek to avoid it by virtue of an independent proposition. Instead, the core inquiry is whether the contract is enforceable. *See, e.g., Payne & Keller v. P.P.G. Industries*, 793 S.W.2d 956 (Tex.1990); *Atlantic Richfield Co. v. Petroleum Personnel, Inc.*, 768 S.W.2d 724, 725 (1989).

Some support for this latter analysis can be found in the supreme court case of *Sira & Payne, Inc. v. Wallace & Riddle*, 484 S.W.2d 559 (Tex.1972). *Sira & Payne* was a pre-*Ethyl* case involving the "clear and unequivocal" test subsequently replaced by the express negligence rule of *Ethyl*. *Sira & Payne* was the indemnitee who settled a suit brought against it by McDonald and who sought indemnity from Wallace & Riddle for the settlement payment and expenses. The supreme court first held that *Sira & Payne* was not entitled to indemnity for damages or costs arising from its own negligence because the contractual language did not satisfy the "clear and unequivocal" test. The supreme court further held that the indemnitee *Sira & Payne*'s motion for summary judgment had been properly denied because *Sira & Payne* could establish its right to summary judgment only by proving as a matter of law that it was *not* guilty of any negligence which was the sole proximate cause or a proximate cause of McDonald's injuries. *Id.* at 561. Arguably, therefore, the supreme court in *Sira & Payne* was suggesting that an element of the indemnitee's cause of action to recover under an indemnity contract which does not comply with the clear and unequivocal test or the express negligence test would be to show, as a condition precedent, that it, the indemnitee, was *not* negligent. Obviously, however, *Sira & Payne* was a pre-*Ethyl* summary judgment case which did not specifically address the issue before this court of who has the burden to prove, on the merits, the indemnitee's negligence or the lack thereof.

Notwithstanding the plethora of analyses in the majority, concurring, and dissenting opinions in the pre- and post-*Ethyl* cases cited herein, we note that our supreme court denied writs in *Kirby Forest Indus., Inc. v. Dobbs* and *Continental Steel Co. v. H.A. Lott, Inc.*, post-*Ethyl* cases which held that the defense of concurrent or contributory negligence to an indemnitee contract is an affirmative defense which must be both pled and proven by the indemnitor. Accordingly, we hold, in this case, that Mann (indemnitor) had the burden to plead

and prove the negligence of Tractors (indemnitee). We therefore sustain Tractor's point of error number one. It is not necessary that we address points two and three.

Because of the lack of clear guidance to the trial bench and bar concerning the placing of the burden of proof in this type of case we reverse and in the interest of justice, remand to the trial court for a new trial consistent with the holding of this opinion.