**R.L. JONES COMPANY, INC., Appellant,**

v.

**CITY OF SAN ANTONIO, By and Through the CITY PUBLIC SERVICE BOARD, Appellee.**

**No. 04–90–00236–CV.**

Court of Appeals of Texas, San Antonio.

April 17, 1991.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Bennett L. Stahl, McCamish, Martin, Brown & Loeffler, P.C., San Antonio, for appellee.

Before PEEPLES, BIERY and BISSETT, JJ.

## OPINION

BISSETT, Justice.[1]

This is an appeal by R.L. Jones Company, Inc. ("Jones Company") from a summary judgment in favor of the City of San Antonio, by and through the City Public Service Board ("CPS"). We affirm in part and reverse and remand in part.

CPS sued Jones Company on an indemnity contract, dated October 15, 1984, to recover a sum of money paid by it in settlement of a suit brought against it by Gloria Cisneros, and for reimbursement for attorney's fees and expenses incurred by it in defending the suit.

---

Both Jones Company and CPS filed motions for summary judgment. The trial court denied Jones Company's motion and granted the motion of CPS.

The judgment decreed that the "City of San Antonio by and through the City Public Service Board" recover of and from Jones Company:

> [t]he sum of $28,474.63 (which sum includes attorney's fees) together with interest thereon at the rate of ten percent (10%) per annum from date of judgment until paid. In the event this judgment is appealed to the Court of Appeals, but no application for writ of error is filed by any party to the Supreme Court, then this judgment shall be credited with $1,000.00 in attorneys' fees, leaving a recovery of $27,474.63. In the event no appeal is perfected by any party to the Court of Appeals, then this judgment shall be credited with $3,500.00 in attorneys' fees, leaving a recovery of $24,-974.63. To the extent any credits are made against this judgment as set forth above, interest otherwise accruing on such credit shall also be credited.

▪ Where both parties move for summary judgment and one motion is granted and the other denied, the appellate court should determine all questions presented, and may reverse the trial court's judgment and render such judgment as the court should have rendered, including judgment for one of the movants where the other movant's motion was denied. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Houston Lighting & Power v. Wheelabrator Coal Services Co.*, 788 S.W.2d 933, 936 (Tex.App.—Houston [14th Dist.] 1990, no writ). Thus, the denial of Jones Company's motion for summary judgment is appealable.

The record and summary judgment proof reveal that CPS contracted with Jones Company for the lowering of a gas pipeline under a city street. During construction, Gloria Cisneros ("Cisneros"), who is not a party to this appeal, drove her car into a

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

GOV'T CODE ANN. § 74.003 (Vernon 1988).

trench dug by Jones Company, and sustained injuries. She sued both CPS and Jones Company to recover damages for her injuries. She alleged that Jones Company committed several acts, which constituted negligence that proximately caused her to drive her car into the trench, and alleged that CPS was negligent in the following particulars:

A. In failing to properly supervise the placement of barricades in front of, around and/or over the trench in question.

B. In failing to require that defendant R.L. Jones place steel plates over the trench in question, cement the trench in question earlier in the day, place machinery in front of and/or over the trench in question, patrol the construction work or have the construction work area patrolled after hours when it knew or should have known as the inspector on the project of the unauthorized movement of barricades.

Thereafter, CPS filed a cross action against Jones Company, and alleged, among other allegations, that it was entitled to be indemnified by Jones Company for all sums of money "it may be compelled to pay to plaintiff (Cisneros) as a result of the occurrence made the basis of plaintiff's suit," as provided in the contract between it and Jones Company.

Jones Company moved to sever the Cisneros suit against CPS from the original suit by Cisneros against it and CPS. The motion was granted by order signed December 9, 1988, and the cause of action asserted by Cisneros against Jones Company proceeded to trial before a jury which resulted in a judgment that Cisneros take nothing.

The suit brought by Cisneros against CPS was settled for $2,000.00. An order of dismissal was signed on December 28, 1988.

Any right which CPS may have to be indemnified for the sums of money sued for must be found in Section 17 of the indemnity contract between it and Jones Company, which, in relevant part, reads:

The Contractor [Jones Company] agrees to indemnify and to hold harmless C.P.S., its agents and employees from and against any and all damages, claims, demands, and expenses for or on account of damage of property or death of or injury to any person or persons (including property and employees of C.P.S., the Contractor and employees of the Contractor), directly or indirectly arising out of, or caused by, or in connection with the performance of or failure to perform any work provided for hereunder by the Contractor, his subcontractors, or contractors, or subcontractor's agents, servants, or employees.

Jones Company contends in its sixth point of error that the trial court erred in rendering summary judgment that CPS recover the sum of money it paid Cisneros plus its attorney's fees because CPS had the burden to negate its own negligence, which it did not do, and as a result, did not meet its burden of proof.

Our Supreme Court, in *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705 (Tex. 1987), adopted "the express negligence" test for determining the validity of indemnity agreements and held that agreements to indemnify a party for his own negligence are unenforceable unless that intent is expressly stated in the agreement.

The indemnity provisions in question do not meet the express negligence test because there is nothing in the provisions which expressly states that CPS shall be indemnified for its own negligence. However, CPS does not seek to be indemnified for its own negligence. Instead, it seeks reimbursement for the $2,000.00 it paid to Cisneros in settlement of her claim for damages together with attorney's fees and expenses incurred in defending the Cisneros suit against it.

CPS, in its motion for summary judgment, among other allegations, alleged that "the settlement agreement was expressly not an admission of negligence, and the settlement agreement does not constitute any evidence of negligence"; that Jones Company had a statutory right to submit the issue of CPS negligence to the jury in

the Cisneros suit against it, but did not do so, and "as a result the jury found that 100% of the negligence that caused the accident was caused by R.L. Jones and Gloria Cisneros." It further alleged that its right to indemnity does not derive from Gloria Cisneros' cause of action, but is an independent contractual right for which CPS bargained when it contracted with R.L. Jones, and that as the basis for Cisneros' claim of negligence was failure to maintain barricades, and since it was the responsibility of Jones Company to maintain the barricades, the express negligence doctrine does not apply.

■ While there have been a number of recent cases [2] dealing with the express negligence doctrine enunciated in *Ethyl*, this case before us presents the narrow procedural issue of who had the burden in the summary judgment proceeding. A pre-*Ethyl* case, *Sira & Payne, Inc. v. Wallace & Riddle*, 484 S.W.2d 559 (Tex.1972) addressed the question squarely. The Supreme Court held that Sira & Payne, the indemnitee, as CPS is here, could establish its right to indemnity through summary judgment only by proving, as a matter of law, that it was *not* negligent. *Sira & Payne* at 561. We hold, therefore, that CPS in this, a summary judgment proceeding, had the burden to prove conclusively that it was *not* negligent.

■ Accordingly, we examine CPS's summary judgment proof to determine whether it met its burden under *Sira & Payne*. The summary judgment proof adduced by CPS consisted of: 1) an excerpt from the deposition of R.L. Jones, the president of Jones Company, who stated that it was the responsibility of Jones Company to put up barricades around the trench; 2) the charge of the court in the trial of the Cisneros' action against Jones Company, and the finding of the jury that Cisneros was 80% negligent and Jones Company was 20% negligent; 3) a copy of the take-noth-

ing judgment in the suit by Cisneros against Jones Company; 4) an affidavit of Ferdinand Kotzur, an inspector for CPS, who stated that the performance of all the work incidental to the work contracted for "was solely the responsibility" of Jones Company, and the condition of the site on the day of the accident was "solely the responsibility" of Jones Company; 5) a copy of a letter dated September 7, 1988, from the attorney for CPS to the attorneys for Cisneros which stated that the action between Cisneros and CPS was to be settled for $2,000.00, and that the agreement to settle "is not to be considered as an admission of liability but merely a settlement of a doubtful and disputed claim"; and 6) an affidavit of Lee Rauschuber, Director of Claims for CPS, who stated that CPS "has fully performed all its obligations under the contract of October 15, 1984 between R.L. Jones Company, Inc. and City Public Service Board." Jones Company did not respond to the motion for summary judgment by CPS.

Since both parties moved for summary judgment and as the motion of CPS was granted while the motion of Jones Company was denied, we must determine all questions presented, and under such judgment as the trial court should have rendered, including judgment for the other movant, in this case Jones Company. *See Houston Lighting & Power Co. v. Wheelabrator*, 788 S.W.2d at 936. Therefore, under the circumstances existing, we decide whether the trial court properly denied Jones Company's motion for summary judgment.

Jones Company, in its motion for summary judgment, alleged that CPS' cross-claim was brought against it "on the basis that the original plaintiff, Gloria Cisneros, had sued cross-plaintiff for negligence"; that CPS' claim against it "is based upon a theory of indemnification for City Public Service Board's own negligence as alleged by the original plaintiff"; and that the in-

2. *R.B. Tractors, Inc. v. Mann*, 800 S.W.2d 955 (Tex.App.—San Antonio 1990, no writ); *Champlin Petroleum Co. v. Goldston Corp.*, 797 S.W.2d 165 (Tex.App.—Corpus Christi 1990, writ denied); *Construction Inv. & Consultants, Inc. v. Dresser Industries, Inc.*, 776 S.W.2d 790 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *Continental Steel Co. v. H.A. Lott, Inc.*, 772 S.W.2d 513 (Tex.App.—Dallas 1989, writ denied); *State Dept. of Highways v. Reynolds–Land, Inc.*, 757 S.W.2d 868 (Tex.App.—Tyler 1988, no writ).

demnity provisions in the contract are unenforceable because CPS failed to "set forth that the indemnitor will indemnify the indemnitee for the indemnitee's own negligence," and, therefore, the contract does not meet the "express negligence test."

Jones Company's summary judgment proof consisted of the following documents: 1) a copy of the contract between it and CPS; 2) a copy of the take-nothing judgment in the suit by Cisneros against it; 3) a copy of CPS' first amended original answer and cross-claim, filed by CPS in the Cisneros' actions before settlement; 4) a copy of the second amended original petition filed by Cisneros in her suit against both CPS and Jones Company; 5) an affidavit by the attorney who represented Cisneros, which states that Cisneros settled her cause of action against CPS, and "the settlement was made known in open court to the trial judge trying the cause of action remaining against R.L. Jones Company"; and 6) a copy of the check issued by CPS in the amount of $2,000.00, payable to the order of Cisneros and her attorney.

The standards for reviewing a summary judgment are well established. As mandated by the Supreme Court of Texas in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985), they are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issues precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Id.* at 548–49.

The summary judgment proof presented by CPS did not show conclusively that it was *not* negligent. Therefore, it is not entitled to judgment as a matter of law. Jones Company's sixth point of error is sustained.

Jones Company is not entitled to summary judgment. It did not *expressly* plead in its motion for summary judgment, or in its supplement to that motion, that CPS was negligent. It did not offer any summary judgment proof that CPS was negligent. All that it pleaded and proved was that Cisneros *claimed* that CPS *was* negligent, and that such *claim* was sufficient to invoke the express negligence doctrine (test), and thereby avoid liability on the indemnity provisions in the contract.

The judgment of the trial court insofar as it denied summary judgment to Jones Company is AFFIRMED, and the judgment insofar as it granted summary judgment to CPS is REVERSED and the cause in its entirety is REMANDED to the trial court for further proceedings.