CONSTRUCTORS AND ASSOCIATES,
INC., Appellant,

v.

FISK ELECTRIC COMPANY, Appellee.

No. A14–93–0190–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 14, 1993.

Rehearing Denied Nov. 4, 1993.

Gina V. Fulkerson, Donald M. Hudgins, Houston, for appellant.

James R. Baily, William J. Boyce, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is an appeal from a summary judgment granted in a severed third-party action. Shawn DeVine (Plaintiff), an employee of Fisk Electric Co. (Fisk), was injured while in the course of his employment.[1] The plaintiff sued among others, the general contractor, Constructors & Associates, Inc. (Constructors) for negligence.[2] As a result, Constructors brought a third-party action against Fisk seeking full contractual indemnity.

Constructors' third-party claim against Fisk is based upon the following indemnity provision found in the subcontract between the parties:

... [Fisk] shall indemnify, hold harmless, and defend [Constructors], ... from and against all claims, damages losses, and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of [Fisk's] work ... provided that any such claim, damage, loss, or expense (a) is attributable to bodily or personal injury, sickness, disease, or death, or patent infringement, or to injury, ... and (b) is caused in whole or in part by any negligent act or omission or any act or omission resulting in the strict liability of [Fisk] or anyone directly or indirectly employed by it[,] anyone for whose acts it may be liable, or is caused by or arises out of the use of any products, material, or equipment furnished by [Fisk]. ...

1. Plaintiff's First Amended Original Petition alleges that as a result of an explosion in a switchgear cubicle and the heat generated by the explosion, plaintiff was burned over 60% of his body, resulting in both physical and cosmetic disfigurement. The explosion occurred at One Shell Plaza while the plaintiff was working in the employ of Fisk Electric Co.

2. In addition to naming appellant as a defendant, Plaintiff's First Amended Original Petition named as defendants: Gerald D. Hines Interest; Hines Interest Limited Partnership; Houston Lighting & Power Co.; SWH Management, Inc.;

According to Constructors, this provision provides for: (a) the recovery of damages, if any, that Constructors might be required to pay plaintiff as a result of any finding of negligence by Constructors; and (b) reimbursement for attorney's fees and costs incurred in litigation brought by the plaintiff.

Fisk filed a motion for summary judgment contending that the indemnity provision relied on by Constructors did not meet the express negligence doctrine outlined in *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987).[3] The trial court granted Fisk's motion and severed the third-party action from the main case and this appeal follows.

In two points of error, Constructors contends the trial court erred in disposing of both of its claims against Fisk via summary judgment simply because the indemnity provision failed to satisfy the express negligence doctrine. Constructors argues that the express negligence doctrine is inapplicable when the party is not seeking indemnity for its own negligence. In addition, Constructors argues that Fisk failed to prove Constructors negligent as a matter of law. We sustain Constructors' points of error and reverse the judgment of the trial court.

On appeal it is uncontested whether the above indemnity provision meets the express negligence doctrine. Constructors concedes that summary judgment would be proper in this instance as to its indemnity claim for its own negligence. However, Constructors contends that the express negligence doctrine is not applicable unless a party to a contract is seeking indemnity for its own negligence. In that regard, Constructors argues that the express negligence doctrine

Louisiana Limited Partnership; Block 145 Limited; and AV America GRUNDBESITZVERWAL-TUNGSGESELLSCHAFT MBH.

3. The Supreme Court in *Ethyl*, 725 S.W.2d 705, adopted the "express negligence doctrine" to determine the validity of indemnity agreements. The court held that "parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms." 725 S.W.2d at 708. Constructors admits that the indemnity provision in the instant case does not meet the doctrine outlined in *Ethyl*, supra.

does not function to eliminate Fisk's liability for attorney's fees and costs if Constructors is not negligent. Fisk on the other hand, contends that *Ethyl* creates a rule of contract construction barring enforcement of the indemnity provision in its entirety when that provision fails the express negligence test. According to Fisk, once the trial court finds the indemnity provision fails the *Ethyl* test, the provision is rendered meaningless for all other purposes.

■ First, we must determine whether Fisk's obligation to indemnify Constructors for its attorney's fees and costs is separate from its obligation to indemnify Constructors for its own negligence. We hold that it is. We find persuasive the decisions of our sister courts holding that an indemnitee may recover attorney's fees and costs where it was not found negligent, even though the indemnity provision did not meet the express negligence standard. *Construction Investments and Consultants, Inc. v. Dresser Industries, Inc.*, 776 S.W.2d 790, 792 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Continental Steel Co. v. H.A. Lott, Inc.*, 772 S.W.2d 513 (Tex.App.—Dallas 1989, writ denied); *M.M. Sundt Const. Co. v. Contractors Equip. Co.*, 656 S.W.2d 643 (Tex.App.—El Paso 1983, no writ); *Copeland Well Service, Inc. v. Shell Oil Co.*, 528 S.W.2d 317 (Tex.App.—Tyler 1975, writ dism'd); *See also Patch v. Amoco Co.*, 845 F.2d 571 (5th Cir.1988). These courts reasoned that in the absence of a finding that the indemnitee was negligent, the validity of the indemnity provision never comes into play. The courts further held that such a holding does not violate either the letter or the spirit of the express negligence doctrine. *See R.L. Jones Co. v. City of San Antonio*, 809 S.W.2d 565, 569 (Tex. App.—San Antonio 1991, no writ); *Champlin Petroleum Co. v. Goldston Co.*, 797 S.W.2d 165, 166 (Tex.App.—Corpus Christi 1990, writ denied); *Construction Investments & Consultants, Inc.*, 776 S.W.2d at 792–93; *Continental Steel Co.*, 772 S.W.2d at 515. We therefore sustain appellant's first point of error and hold that Fisk's obligation to indemnify Constructors for attorney's fees and costs in the defense of the underlying suit is separate from its obligation to indemnify for negligence.

■ Second, we must determine whether the trial court erred in granting summary judgment based solely on the express negligence doctrine. The sole argument raised in Fisk's motion for summary judgment was that the indemnity provision in question failed to meet the *Ethyl* express negligence doctrine, thus entirely barring Constructors' indemnity claims. It was on this ground that the trial court granted Fisk's motion for summary judgment. This was so despite the fact that Constructor's third party petition also sought indemnity for attorney's fees and costs in the event that it was not found negligent.

■ To be entitled to summary judgment, Fisk must have pled and proved Constructors negligent as a matter of law. *See R.B. Tractor, Inc. v. Mann*, 800 S.W.2d 955 (Tex. App.—San Antonio 1991, no writ); *Champlin Petroleum Co.*, 797 S.W.2d at 167; *Delta Engineering Corp. v. Warren Petroleum, Inc.*, 668 S.W.2d 770, 771–71 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). In *Champlin*, the trial court entered judgment in favor of the indemnitor, holding that the indemnity provision did not meet the express negligence doctrine. The 13th court of appeals reversed, holding that the express negligence doctrine is inapplicable where the stipulated facts do not establish negligence, and the indemnitor failed to meet its burden to establish the indemnitee's negligence. 797 S.W.2d at 166–67.

The San Antonio court of appeals reached a similar result in *R.B. Tractors*. There, the parties did not dispute that the indemnity provision failed to comply with the express negligence doctrine. However, the court remanded the case, holding that the indemnitor had the burden to both plead and prove that the indemnitee was negligent to avoid liability for attorney's fees and defense costs. 800 S.W.2d at 957–58.

The summary judgment proof presented by Fisk did not prove that Constructors was negligent. All that it pleaded and proved was that the plaintiff's original claim against Constructors was for negligence, and that the indemnity provision does not specifically

state that Fisk will indemnify Constructors from its own negligence. This is insufficient to support a judgment as a matter of law. *R.L. Jones Co.*, 809 S.W.2d 565. Appellant's second point of error is sustained.

The judgment of the trial court is reversed.

J. CURTISS BROWN, C.J., not participating.